## OPPENHEIM v. NATIONAL SURETY CO.

No. 11312—Opinion Filed Nov. 12, 1924.

Rehearing Denied Jan. 2, 1925.

**Indemnity—Essentials of Contract—Guaranty Distinguished.**

A contract of guaranty is a collateral undertaking, and presupposes an original contract; while a contract of indemnity is original and independent. In a contract of indemnity, the undertaking is to make good and save harmless the person, with whom the contract is made, upon an obligation of such person to a third person; while, in a contract of guaranty, the obligation is to answer for the debt, default, or miscarriage of another to the person with whom the contract is made.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pittsburg County; A. C. Brewster, Assigned Judge.

Action by the National Surety Company against Sam Oppenheim. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Fuller, Geo. M. Porter, and John L. Fuller, for plaintiff in error.

A. C. Markley, for defendant in error.

Opinion by JARMAN, C. The Phoenix Coal Company, as lessee, had a government coal lease upon certain land in Pittsburg county, and the lessee was required to execute a bond to the United States in the sum of $10,000 for the payment of royalties

under said lease. On April 1, 1914, the defendant, Oppenheim, executed a bond to the plaintiff, National Surety Company, to the effect that the plaintiff would be held harmless from all demands and losses by reason of its executing said bond for the lessee. In May, 1914, the lessee executed a bond to the United States in the sum of $10,000 to pay all royalties becoming due on the coal lease, with the defendant, Oppenheim, and the plaintiff, National Surety Company, as sureties thereon. On January 25, 1919, the plaintiff was required to pay, and did pay, to the United States Indian Agency at Muskogee, the sum of $1,395.20, royalties that the lessee had failed to pay to the United States.

This action was commenced by the plaintiff, National Surety Company, against the defendant, Oppenheim, on the bond executed April 1, 1914, by the lessee and the defendant to save the plaintiff harmless from all demands by reason of the surety bond executed for the lessee. The record shows that, at the time the defendant executed the bond in question to the plaintiff, he was the secretary and treasurer of the Phoenix Coal Company, and that he sold out his interest in the company and notified the plaintiff to cancel and release him from said bond prior to the time any of the royalties became due, which the plaintiff paid. At the conclusion of the defendant's evidence the court sustained a demurrer thereto, and directed a verdict for the plaintiff in the sum sued for.

The principal assignment of error, and the one that disposes of the case here on appeal, is that the bond sued on is a continuing guaranty and that the defendant's liability thereunder ceased when the defendant notified the plaintiff to cancel said bond and to release him from further liability thereon.

The defendant contends that the bond comes within the meaning and purview of section 1041, Rev. Laws 1910, defining a continuing guaranty to be:

"A guaranty relating to a future liability of the principal, under successive transactions, which either continues his liability or from time to time renews it after it has been satisfied, is called a continuing guaranty."

The plaintiff contends that said bond is one of indemnity, within the meaning and purview of section 1074, Rev. Laws 1910 as follows:

"Indemnity is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or of some other person."

If said bond is a continuing guaranty, the defendant was released therefrom when the notice was received by the plaintiff from the defendant revoking it. Section 1042, Rev. Laws 1910.

In sustaining the demurrer to the evidence of the defendant, the trial court necessarily took the view that the bond in question was one of indemnity instead of a continuing guaranty, and we concur in this view. A guaranty is a promise to answer for the debt, default, or miscarriage of another. Section 1026, Rev. Laws 1910. Guaranty is a collateral agreement and presupposes an original contract; the guarantor guarantees payment or performance by the principal. To constitute guaranty there must, first, be an original contract from a third person to the guarantee for the payment or performance by such third person of an obligation to the guarantee; and, secondly, there must be a collateral contract executed by the guarantor to the guarantee that such third person will pay or perform the obligation as contained in the original contract or agreement. There is no contract from the Phoenix Coal Company to the plaintiff, to which the bond in question here is collateral. The bond in question is an original and independent agreement to save and hold the plaintiff harmless from any loss it might suffer by reason of becoming surety on the bond to the United States, and the United States has no connection with and is not interested in the contract sued on, and, therefore, said contract is one of indemnity. This contract is clearly distinguishable from that of guaranty as shown by the following authorities:

"Contracts of indemnity are distinguished from those of guaranty and suretyship in that in indemnity contracts the engagement is to make good and save another from loss upon some obligation which he has incurred or is about to incur to a third person, and is not as in guaranty and suretyship a promise to one to whom another is answerable." 22 Cyc. 80.

"There are important differences between a contract of guaranty and one of indemnity. The former being a collateral undertaking presupposes some contract or transaction as principal thereto; while a contract of indemnity is original and independent, to which there is no collateral contract and with respect to which there is no remedy against the third party." 20 Cyc. 1402.

"Although one of the meanings of the word 'guaranty' is 'indemnity' or 'save harmless,' and the word 'guaranty' may be used to create an obligation to indemnify one against loss, there are important differences between a contract of guaranty and one of indemnity. A guaranty being a collateral undertaking presupposes some contract or transaction as principal thereto; while a contract of indemnity is original and independent, to which there is no collateral contract and with respect to which there is no remedy against the third party. In an indemnity contract the engagement is to make good and save another from loss upon some obligation which he has incurred or is about to incur to a third person, whereas in a guaranty the promise is to one to whom another is answerable." 28 C. J. 892.

A full and comprehensive discussion of the distinction between a contract of guaranty and a contract of indemnity is found in the case of Anderson v. Spence (Ind.) 37 Am. Rep. 162, which sustains the rule announced herein.

The two leading cases, Singer Mfg. Co. v. Draughan (N. C.) 61 Am. St. R. 657, and Aitken Son & Co. v. Lang (Ky.) 90 Am. St. R. 263, relied upon by counsel for the defendant, emphasize the correctness of the rule hereinbefore announced and, in fact, are authority for the position that the contract in question is one of indemnity. The Singer Mfg. Company Case holds that the contract there in question was a continuing guaranty. In that case, the defendant, Wade, signed and executed a bond or contract with the plaintiff, Singer Mfg. Company, whereby said defendant, Wade, obligated himself to pay to the plaintiff all damages and loss suffered by the plaintiff for any defaults of one Draughan in the handling of goods for the plaintiff. There it is plain to be seen that there was a contractual relation existing between Draughan and the Singer Mfg. Company, and the contract of the defendant, Wade, was simply collateral to that contract, whereas, in the instant case, the contract that the defendant, Oppenheim, executed was for the purpose of securing the National Surety Company against any loss in connection with the contract of the Phoenix Coal Company with an entirely different person. The same thing is true with reference to the Aitken Son & Co. Case. There S. C. Lang executed a contract with Aitken Son & Company, whereby S. C. Lang guaranteed payment to the company for such goods as it would furnish to Miss Emma Lang. Clearly such a contract was one of guaranty. It was not an independent and original contract, such as the one in the instant case under consideration.

The trial court properly sustained the demurrer to the defendant's evidence and rendered judgment for the plaintiff for the

amount sued for and said judgment is, therefore, affirmed.

By the Court: It is so ordered.