Wesley PETZNICK, Plaintiff,

v.

CLARK EQUIPMENT COMPANY and
Commonwealth Electric Company,
Defendants.

Civ. No. 71-0-193.

United States District Court,
D. Nebraska.
Dec. 1, 1971.

William Lamson, Jr., Omaha, Neb., for plaintiff.

Michael LaFrance, Omaha, Neb., for third party plaintiff.

William J. Brennan, Omaha, Neb., for third party defendant.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court on the motion to dismiss of the defendant, Commonwealth Electric Company (hereafter Commonwealth), [Filing #23]. Commonwealth seeks to dismiss the third party complaint filed by the other defendant in the main action, Clark Equipment Company (hereafter Clark). Clark, in its third party complaint, seeks judgment against Commonwealth for any sums that may be adjudged against it in the main action.

The pleadings show that plaintiff, Wesley Petznick, was injured while dismantling a crane which had been sold by its manufacturer, Clark, to Petznick's employer, Commonwealth. Commonwealth paid benefits to Petznick and was made a party to this action, as required, for its rights of subrogation under the Nebraska Workmen's Compensation Act. § 48-118 R.R.S.Neb.1943. Reissue 1968.

This being a diversity case, this Court will apply the substantive law of Nebraska, pursuant to Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 [1938]. The threshold question before the Court is, where there is no express contract of indemnity between the parties, whether the Nebraska Workmen's Compensation Act is of such exclusiveness as to insulate the employer, Commonwealth, from contribution or indemnity in favor of Clark.

The Nebraska Supreme Court has not passed on this question, having expressly reserved it in the most recent case in which it was directly asserted. Farmers El. Mut. Ins. Co. v. American Mut. Liab. Ins. Co., 185 Neb. 4, 173 N.W.2d 378 [1969]. It is therefore incumbent upon this Court to choose the rule that it believes the Nebraska Court is likely in the future to adopt. § 58 Wright, Law of Federal Courts [1970].

The various states that have considered this question have been fairly divided in their view, and the Court has found no statements as to a majority rule. States such as Oklahoma have taken the position that their Workmen's Compensation Acts do provide such insulation. Peak Drilling Co. v. Halliburton Oil Well Cement. Co., 215 F.2d 368 [10th Cir. 1954]. On the other hand, states such as Iowa have held that their

**914**

Workmen's Compensation Acts dictate a contra result. Northern Natural Gas Company v. Roth Packing Company, 323 F.2d 922 [8th Cir. 1963].

Two considerations persuade the Court that the Nebraska Supreme Court would sustain Commonwealth's motion to dismiss:

1. The Nebraska Supreme Court has repeatedly emphasized that "[t]he provisions of the Workmen's Compensation Act are exclusive of all other liability as to those subject to it." Miller v. Schlereth, 151 Neb. 33, 36 N.W.2d 497 [1949]; and

2. In an analogous situation where a wife sued her husband's employer for injuries she received as a result of a tort committed by her husband during the course of his employment, the Court first held that a wife could not sue her husband in tort. The Court then said that if recovery may be had by the wife against the employer and he in turn may recover from the husband-employee, then it would seem this simply countenances an encircling movement where a frontal attack upon the husband is inhibited. The Court affirmed a dismissal of the wife's case. Emerson v. Western Seed and Irrigation, 116 Neb. 180, 216 N.W. 297 [1927].

As to the facts of this case, this Court is of the opinion that the Nebraska Supreme Court would find that the considerations enumerated above would dictate a conclusion that the exclusivity of the Nebraska Workmen's Compensation Act would bar this claim and Petznick will not be allowed the possibility of increasing his recovery by the encircling movement condemned in Emerson v. Western Seed and Irrigation Co., *supra*. This results whether indemnity or contribution is claimed by Clark, but it should be noted that Nebraska's long-standing policy against contribution among joint tortfeasors would also be dispositive as to the narrower contribution portion of the problem.

The parties have also briefed whether or not Nebraska would adopt the active versus passive negligence indemnity theory, which prevails in some states. That theory would allow indemnity where the third party defendant's negligence was active negligence and the person seeking indemnity was passively negligent at most. The Court does not reach this question, since its affirmative finding as to the insulation effect of Nebraska's Workmen's Compensation Act results in dismissal as to this type of third party defendant regardless as to whether or not that theory is adopted as generally applicable to indemnity claims.

An order sustaining Commonwealth's motion to dismiss will be entered contemporaneously with the memorandum.