Mary E. BURRELL, Administratrix of the Estate of Danny Dwight Burrell, Deceased, and Mary E. Burrell, as guardian and next friend of Shilo Hope Burrell, a minor, Plaintiff,

v.

Jack RODGERS, d/b/a Rodgers Electric Company, Defendant,

v.

T & C CONSTRUCTION COMPANY, Third-Party Defendant.

No. CIV-76-1006-E.

United States District Court, W. D. Oklahoma.

Dec. 1, 1977.

See also, D.C., 430 F.Supp. 25.

---

Silas C. Wolf, Jr. of Henson & Wolf, Shawnee, Okl., for plaintiff.

Michael C. Stewart and A. T. Elder, Jr. of Cooper, Stewart, Elder & Abowitz, Oklahoma City, Okl., for defendant Rodgers.

John L. Clifton of Kienzle, Jay, Clifton & Womack, Shawnee, Okl., and E. W. Keller and Paul E. Fernald of Keller, Fernald & Bykerk, Oklahoma City, Okl., for third-party defendant T & C.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

Wrongful death action, arising out of the electrocution of Danny Dwight Burrell while he was engaged in carpentry work on a job site. Mary Burrell, both as administratrix and as guardian of deceased's minor child, has brought her action against the electrical contractor (hereinafter Rodgers), alleging that Rodgers negligently failed to cut off sources of electricity which were supposed, and were represented, to have been cut off.

Rodgers has filed a third-party complaint against the deceased's employer (hereinafter T & C), alleging that control of all work, including electrical service, at the job site was solely T & C's responsibility, and asserting entitlement to contribution and/or indemnification.

Now before the court for disposition is T & C's motion for summary judgment, on the ground that neither contribution nor indemnification is available as a matter of law. T & C's argument is predicated upon the undisputed fact that it has paid death benefits. Accordingly, T & C claims it is insulated from further liability by the exclusivity of the Workmen's Compensation Law.

In pertinent part, the Workmen's Compensation Law of Oklahoma provides:

"Liability [hereunder] shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person. . . ." 85 O.S. § 12.

The leading case examining the impact of that statutory language upon a third-party complaint praying for contribution or indemnity is *Peak Drilling Co. v. Halliburton Oil Well Cement Co.*, 215 F.2d 368 (10th Cir. 1954). In that case, as in this, the defendant independent contractor, sued for al-

leged negligence causing injury to the plaintiff workman, attempted to implead the plaintiff's employer. In the opinion affirming dismissal of the third-party complaint, the late Honorable Alfred P. Murrah wrote:

"It is conceded that third-party practice . . . neither creates nor enlarges upon the substantive rights of the parties, but merely provides the procedure for the assertion of those rights under applicable Oklahoma law; and that Oklahoma law gives no right of contribution or indemnity to a joint tortfeasor, but leaves the parties as it finds them. Peak rests its asserted right to indemnity squarely upon the so-called 'lenient exception' to the general rule, recognized in Oklahoma, which gives the right of indemnity to one constructively or vicariously liable to a party whose injuries were caused by the primary or active negligence of another, as where, for example, under the doctrine of respondeat superior, a master is liable for the negligence of his servants. . . . [Citations omitted.] Indemnity thus turns on the kind and character, not the comparative degree of negligence which caused the injury. And, it necessarily arises out of an independent legal relationship, under which the indemnitor owes a duty either in contract or tort to the indemnitee apart from the joint duty they owe to the injured party.

"The trial court recognized the exception to the general rule, but upon a careful study of the pleadings was unable to find any valid basis for distinguishing the kind and character of negligence charged against Peak and Halliburton.

\*     \*     \*     \*     \*     \*

"But the trial court was not content to rest its decision on a construction of the pleadings. It took the view that in any event, the third-party complaint was barred by the exclusionary provisions of the Oklahoma Workmen's Compensation

Law. . . . While the question involves a construction of an Oklahoma statute on which the Oklahoma courts have not spoken, we deem it not inappropriate to express our agreement with the trial court's reasoning and conclusions." At 369–370.

## Contribution

*Peak,* on its facts, is controlling here; if Rodgers be liable, its liability will be neither constructive nor vicarious. Either Rodgers failed to cut off the electricity, as plaintiff claims, or T & C failed to do so, as Rodgers claims. In any event, the negligence complained of is "active."

The court is of the opinion that *Peak,* in its law, is still controlling here. Rodgers suggests a constitutional challenge, but the long-standing majority rule of the exclusivity of workmen's compensation liability has recently withstood a variety of attacks, including those grounded in denial of due process or equal protection.[1] See *Coleman v. General Motors Corp.,* 386 F.Supp. 87 (N.D.Ga.1974). See also *Pacheco v. Hilo Elec. Light Co., Ltd.,* 520 P.2d 62 (Hawaii 1974); *Montoya v. Greenway Aluminum Co., Inc.,* 10 Wash.App. 630, 519 P.2d 22 (1974); *Herman v. United States,* 382 F.Supp. 818 (E.D.Wis.1974); *Santisteven v. Dow Chemical Co.,* 362 F.Supp. 646 (Nev. 1973), aff'd, 506 F.2d 1216 (9th Cir. 1974); *Petznick v. Clark Equipment Co.,* 333 F.Supp. 913 (Neb.1971).

■ Since 1974, statutory comparative negligence has been in effect in Oklahoma. Assuming arguendo that the law of contribution among joint tortfeasors was thereby created by implication, the exclusivity rule would not be undermined.

"We sustained the trial court in the *Peak* case on the twofold ground that in the first place under the pleadings the parties were joint tortfeasors as to whom there could be no contribution under the well-known common law rule prevailing

---

1. And not so recently. See *Hill Lines, Inc. v. Pittsburg Plate Glass Co.,* 222 F.2d 854, 858 (10th Cir. 1955).

in Oklahoma; and in the second place, since the asserted liability was not based upon an independent contractual duty or obligation, it was barred by the exclusionary provisions of the Oklahoma Workmen's Compensation Act. We did not, therefore, reach the question whether contribution was recoverable from a joint tortfeasor under the laws of a state specifically providing therefor, as in New Mexico.

\* \* \* \* \* \*

"A construction of emphatic words protecting the employer from 'any other liability whatsoever' to 'any and all persons whomsoever' for 'personal injury' to his employee, to require contribution to a third person . . . would render the words of exclusion meaningless, and dissipate the purpose of the act to grant immunity to the employer in exchange for his absolute, though limited, liability to secure compensation to his employees. [Citations omitted.] We are convinced that the New Mexico courts would construe the workmen's compensation act to abrogate or modify the tortfeasor's act to the extent that it has application to the liability of an employer to an employee." *Hill Lines, Inc. v. Pittsburg Plate Glass Co.,* 222 F.2d 854, 856–857 (10th Cir. 1955).

See also *Beach v. M & N Modern Hydraulic Press Co.,* 428 F.Supp. 956 (D.C.Kan.1977); *Dawn v. Essex Conveyors, Inc.,* 379 F.Supp. 1342 (E.D.Tenn.1973), aff'd, 498 F.2d 921 (6th Cir. 1974), cert. denied, *Process Equipment Engineering Co., Inc. v. Tennessee Eastman Co.,* 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317 (1974).

*Indemnity*

In the third-party complaint, liability over is predicated upon breach of contractual duty. The reference of that allegation is to T & C's alleged breach of the parties' agreement as to the performance of the electrical work. It is undisputed that there was no contract of indemnity between the parties. Accordingly, what is addressed here is in actuality noncontractual indemnity; "equitable" indemnity, so to speak.

▆ Noncontractual indemnity is not distinguishable from common-law contribution, it is a creature of the "lenient exception"; if a defendant is obligated, constructively or vicariously, to discharge a duty owed by another, then the defendant may recover over from that third party. Under the rule of *Peak,* the allegation

"[I]t was the duty and obligation of said third party defendant to notify Jack Rodgers, d/b/a Rodgers Electric Company, when electrical services on said building were needed and absent such notice, Jack Rodgers, d/b/a Rodgers Electric Company, had no duties to perform in connection with such remodeling work"

states a defense, not a claim for indemnity.[2]

At pretrial conference held herein on September 1, 1977, counsel for third-party plaintiff sought, and was granted, leave to amend by way of the pretrial order to add the allegation of breach of statutory duty as a ground for indemnification. Specifically, Rodgers complains of an alleged violation of the Occupational Safety and Health Administration regulation, Title 29 C.F.R. § 1926.850(c), which reads:

"All electric, gas, water, steam, sewer, and other service lines shall be shut off, capped, or otherwise controlled, outside the building line before demolition work is started. In each case, any utility company which is involved shall be notified in advance."

Resolution of this motion along those lines would have been simple and direct. But it would also have ignored the inference raised by the parties' briefs that the evidence might have revealed a more complex pattern of duty and breach than is suggested by the pleadings.

---

2. The court reaches this conclusion for an additional reason, based upon a construction of the issue involved which differs from that advanced by both parties. The issue, at least to the extent created by the pleadings, is not one of *joint* liability to plaintiff's decedent. It is not argued that both Rodgers and T & C breached a duty owed, but that either Rodgers or T & C did.

That regulation does not "create an independent liability in [T & C] to indemnify [Rodgers] quite apart from any joint liability they might have toward [plaintiff]." *Hill Lines, supra* at 857, affirming summary judgment in favor of third-party defendant employer notwithstanding the allegation that I.C.C. regulations placed sole responsibility on the employer for the negligent acts complained of.

A recent opinion of the United States District Court for the Northern District of Oklahoma, relied upon by Rodgers, must therefore be distinguished. In *Travelers Ins. Co. v. Panama-Williams, Inc.,* Judge Cook denied a motion to dismiss the complaint of a power company's insurer, which had paid damages to the estate of a construction worker electrocuted when a boom came into contact with power lines; the insurer sought by way of that action indemnification from the worker's employer. Travelers' alleged entitlement to indemnification was predicated upon the violation of an Oklahoma statute, quoted in pertinent part by the court:

> " 'If such a violation results in physical or electrical contact with any overhead high voltage line or conductor, the person, firm, corporation or association violating the provisions of this Act, shall be liable to the owner or operator of such high voltage line or conductor *for all damage to such facilities and for all liability incurred by such owner or operator as a result of any such accidental contact.* (emphasis added)' " 424 F.Supp. 1156, 1158 (D.C.Okl.1976).

In contrast, the OSHA regulation leaves open the question of who is liable for the failure to shut off, cap or otherwise control electric lines before work at the job site is started.

The court finds no basis in law for the third-party complaint, and accordingly,

IT IS ORDERED that the third-party complaint instituted by Jack Rodgers, d/b/a Rodgers Electric Company, and the cause of action stated therein against T & C Construction Company, be and the same is hereby dismissed.

The Clerk of the Court is directed to mail a copy hereof to counsel of record.