The RUCKER COMPANY, A corporation, Appellant,

v.

M & P DRILLING COMPANY, Dalco Power Company, Inc., and Dresser Industries, Inc., Appellees.

No. 53595.

Supreme Court of Oklahoma.

Nov. 9, 1982.

Deryl Lee Gotcher, Graydon Dean Luthey, Jr., Jones, Givens, Gotcher, Doyle & Bogan, Inc., Tulsa, for appellant.

Page Dobson, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for appellees, M & P Drilling Co.

LAVENDER, Justice:

After receiving a Workers' Compensation settlement from his employer, third-party defendant (M & P Drilling Co.), plaintiff sought relief from defendant and third-party plaintiff, Rucker-Acme Tool Company (Supplier). Supplier filed a cross-petition against M & P Drilling Co. alleging that if Supplier is found liable, Supplier is entitled to indemnity from M & P Drilling Co. because: (1) It was the active negligence of M & P Drilling Co., plaintiff's employer, which was the proximate cause of plaintiff's injuries, whereas the Supplier's negligence, if any, was passive and Rucker's liability was at most only vicarious; (2) the written agreement between Supplier and M & P Drilling Co. is one of indemnity against the claims of the plaintiff requiring M & P to indemnify the Supplier for any recovery by plaintiff on plaintiff's claims against Supplier.

M & P filed a general demurrer to Supplier's cross-petition, claiming that the same is barred by the provisions of the Workers' Compensation Act (85 O.S.1981, § 12). The district court sustained the demurrer. Supplier appeals.

On July 24, 1975, plaintiff, member of a drilling crew and employee of M & P Drilling Co., was injured during a fishing operation for the recovery of lost or damaged drilling equipment and pipe in a well being drilled by M & P Drilling Company. The "spider and slips" alleged to be instrumental in producing plaintiff's injuries were owned by Supplier and leased to M & P Drilling Co. under a contract in writing which states in pertinent part:

"All tools are rented, repaired, manufactured and sold under the express

understanding that the use of said tools by any person, firm, or corporation whomsoever, is entirely at the risk of said user, and in renting, repairing, manufacturing, or selling said tools or equipment, Rucker Acme Tool assumes no liability of any kind or character for any damage to any well, property, or person from the use of said tools whether caused by the manner of the use of said tools, defect of the materials—whether latent or patent, workmanship, assembling or otherwise. * * * we do not guarantee them in any respect whatsoever, and they are used entirely at the risk of the renter or purchaser—whether or not operated under our supervision. *Rucker Acme Tool shall not be responsible for any loss, damage, or injury including death or like or different casualty to persons (whether they be third persons, the purchaser, or its employees) and to the property (whether it be that of the purchaser or its employees or third persons) by reason of any damage from any such equipment or any part thereof or by reason of any defects in the construction or installation of such equipment or by reason of the placing, erecting, falling, or dislocation of such equipment or any part thereof or by reason of any casualty whether due to the negligence of Rucker Acme Tool or otherwise.*" (Emphasis added.)

■ In examining the sufficiency of a petition, Oklahoma courts are required to construe pleadings liberally "with a view to substantial justice between the parties."[1] Thus, if the defendant demurs to a petition, the petition should be liberally construed on appeal regardless of whether the demurrer was overruled or sustained below.[2] If a cause of action is properly alleged in the petition, a demurrer cannot be sustained and must be overruled and the cases are legion.

85 O.S.1981, § 12 insofar as pertinent provides:

"The liability prescribed in the last preceding section (employers' duty to pay Workman's Compensation) shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to any employee, spouse, personal representative, parents, dependents or any other person, * * *."

The so-called passive-active theory of ultimate tort liability was recognized by this Court with approval in *Porter v. Norton-Stuart Pointiac-Cadillac of Enid,*[3] wherein we adopted the rule as summarized in 27 Am.Jur. Indemnity, § 18 as follows (p. 113):

"* * * one constructively liable for a tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of the common law, and irrespective of the existence of an express contract to indemnify. Accordingly, it has been stated that a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not."

■ We will first consider whether the active-passive rule thus enunciated can be applied to the case at bar in view of the provisions of 85 O.S.1981, § 12, *supra.* At the outset, it is observed that the courts generally are sharply divided on this issue.[4]

1. 12 O.S.1981, § 293: "In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

2. Fraser, The Petition in Oklahoma, 5 Okla.L. Rev. 423, 427 (1952).

3. Okl., 405 P.2d 109 (1965).

4. 100 A.L.R.3d Workers' Compensation—Right to Contribution pp. 366–374.

In *Harter Concrete Products, Inc. v. Harris,*[5] we held, referring with approval to the holding of the Court of Appeals, 10th Cir. (1954) in *Peak Drilling Company v. Halliburton Oil Well Cementing Company,* 215 F.2d 368:

"* * * any right to indemnity by an employer must arise out of an independent legal relationship between employer and indemnitee. This relationship must create liability apart from a duty owed to employee by indemnitee and employer to keep the employee from harm's way. Absent this legal relationship and resulting duty no right to indemnity exists. The Court took the view the third party complaint therein involved was barred by the exclusionary provisions of the Act as it lacked that necessary independent legal relationship."

In light of our holding in *Harter, supra,* we hereby determine that the application of the active-passive theory of liability does not apply in the case at bar for the reason that the liability therein contemplated does not arise out of a contractually imposed liability and thus is barred by the exclusionary provisions of 85 O.S.1981, § 12.[6]

We next consider whether the agreement between M & P Drilling Co. and Rucker wherein, as between the two, it is provided that Rucker shall not be liable for the type of negligence alleged by the plaintiff is such an independent relationship by contract imposing liability upon M & P Drilling Co. not precluded by 85 O.S.1981, § 12.

The great majority of case law in the United States upholds an express contract of indemnification between the employer and a third party in the face of workers' compensation statutes identical or similar to 85 O.S.1981, § 12.[7]

Appellant Rucker does not seriously contend that the majority rule is not the law of Oklahoma. Rather, Rucker contends, there is a distinction between an indemnity agreement on the one hand, and an exculpatory clause in an agreement on the other, and the Rucker-M & P agreement being exculpatory, distinguishes it in the case at bar from those cases involving indemnity agreements. While we are mindful of the distinction between the two, in the case at bar, that distinction becomes academic. It is the clearly expressed intention of the parties to the contract that as between the contracting parties, Rucker shall not be liable for the kind of negligence alleged by the plaintiff below. Therefore, there is a special relationship alleged in the petition which is in the form of a written contract that as between the employer of plaintiff and the supplier of the tools and equipment which were instrumental in producing plaintiff's injury, the Supplier is not liable for the negligence alleged by the plaintiff below, which special relationship is not precluded by 85 O.S.1981, § 12.[8] Whether that contractual relationship be labeled one of indemnity or exculpatory, the result is the same. The burden of the negligence rests squarely upon plaintiff's employer, not upon the equipment supplier.

Since the cross-petition filed by Rucker states a cause of action, the court below committed error in sustaining the appellee's general demurrer thereto.

Reversed and remanded.

IRWIN, C.J., BARNES, V.C.J., HODGES, DOOLIN and HARGRAVE, JJ., and REYNOLDS, S.J., concur.

SIMMS and OPALA, JJ., dissent.

Justice Ben T. Williams certified his disqualification in the initial consideration of this case and the Honorable Lester Reynolds was appointed in his stead.

**5.** Okl., 592 P.2d 526 (1979).

**6.** 53 A.L.R.2d 977 (979 et seq.); 100 A.L.R.3d (366, et seq.)

**7.** 100 A.L.R.3d (380 et seq.); *Petroleum Expl. & Oper. Corp. v. J.W. McCutchen, etc.,* Tex.Civ. App., 593 S.W.2d 831 (1980).

**8.** 100 A.L.R.3d (375, et seq.).