TRAVELERS INSURANCE
COMPANY, Appellee,

v.

L.V. FRENCH TRUCK SERVICE,
INC., Appellant.

No. 63052.

Supreme Court of Oklahoma.

July 5, 1988.

As Corrected March 28, 1989.

Dissenting Opinion March 28, 1989.

Rehearing Denied March 28, 1989.

---

Barry R. Davis, Messrs. Lee, Beuch, Davis and Durocher, Oklahoma City, for appellant.

John T. Edwards, Gayle Freeman Cook, Messrs. Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellee.

OPALA, Justice.

This case presents two dispositive issues: (1) Does 85 O.S.Supp.1984 § 12 [1] immunize an employer from liability for violating 63 O.S.1981 § 981? [2] and (2) Is an action seeking recovery under 63 O.S.1981 § 984 [3] for "all liability incurred" time-barred because it was filed over three years after the statute's violation? We answer both questions in the negative. Other issues discussed in part III do not afford a basis for corrective relief.

Employees of the appellant, L.V. French Truck Service, Inc. [French], while transporting a drilling rig along a country road, came upon an overhead electrical power line. Because the clearance was insufficient for the load, one of French's employees climbed atop the truck to raise the line. While carrying out this task he suffered a severe electrical shock. After receiving workers' compensation, the injured employee sued the owner of the power line, Cimarron Electric Cooperative [Cimarron], which later impleaded French. An agreed judgment was rendered for the employee. [4] Cimarron then dismissed its third-party claim without prejudice after French agreed to defend a new action to be brought by Cimarron for indemnity under 63 O.S.1981 § 981 (the so-called "six-foot" law) and § 984. [5] Appellee, Travelers Insurance Company [Travelers], Cimarron's liability carrier, who paid the judgment to the employee, became subrogated to whatever rights Cimarron had against French.

Based on French's alleged "six-foot" law violation, Travelers sued French for "indemnity" to recover the loss it paid in satisfying the judgment. [6] French moved for summary judgment. It interposed its

---

1.  The pertinent terms of 85 O.S.Supp.1984 § 12 provide:
    "*The liability* prescribed in Section 11 of this title *shall be exclusive and in place of all other liability of the employer ... at common law or otherwise,* for such injury, loss of services, or death, *to the employee,* or the spouse, personal representative, parents, or dependents of the employee, *or any other person.* \* \* \*" [Emphasis added.]

2.  The terms of 63 O.S.1981 § 981 provide:
    "*No person, firm, corporation or association* shall, individually or through an agent or employee and no person as an agent or employee of any person, firm, corporation or association, *shall perform or permit any agent or employee to perform any function or activity upon any* land, building, *highway,* or other premises, *when it is possible* during the performance of such activity for any person or employee engaged in performing work connected with or related to such function or activity *to move to or to be placed in a position within six (6) feet of any high voltage overhead electrical line or conductor,* or when it is possible for any part of any tool, equipment, machinery or material to be used by any such person or employee to be brought within six (6) feet of any such overhead high voltage line or conductor through any lateral, vertical or swinging motion during the performance of such function or activity." [Emphasis added.]

3.  The terms of 63 O.S.1981 § 984 are:
    "Every person, firm, corporation, association, and every agent or employee of any such person, firm, corporation, or association, who violates any of the provisions of this act, shall be guilty of a misdemeanor, and upon conviction thereof, shall be liable to a fine of not more than Five Hundred Dollars ($500.00), or imprisonment in the county jail for a term not to exceed six (6) months, or both such fine and imprisonment; and in addition thereof, *if such violation results in physical or electrical contact with any overhead high voltage line or conductor,* the person, firm, corporation or association violating the provisions of this act, *shall be liable* to the owner or operator of such high voltage line or conductor *for all damage to such facilities and for all liability incurred* by such owner or operator *as a result of any such accidental contact.*" [Emphasis added.]

4.  The damages award to the injured employee was agreed by the parties and approved by the trial court. The judgment, to which French was a party, also settled by specific reference the subrogation claim of French's compensation carrier for the sums paid the employee in benefits under the Workers' Compensation Act.

5.  See notes 2 and 3, *supra.*

6.  The terms of the judgment—in which Cimarron's tort liability to French's injured employee was adjudicated—specifically reserved for fu-

immunity under 85 O.S.Supp.1984 § 12[7] [§ 12] and argued that Travelers' claim is barred by estoppel by judgment, collateral estoppel and the limitation period prescribed by 12 O.S.1981 § 95 (Second).[8]

The trial court denied French's motion and *sua sponte* gave summary judgment to Travelers. The Court of Appeals reversed, holding that (a) § 12 does not immunize French from its "six-foot" law liability and (b) issues of comparative negligence must be submitted to a jury. It also declared that if no negligence is attributed to Cimarron, Travelers is entitled to be indemnified only to the extent of French's liability to its employee for compensation benefits. We now grant certiorari on Travelers' petition, vacate the Court of Appeals' opinion and reverse the trial court's summary judgment.

### I

THE IMMUNITY AFFORDED AN EMPLOYER BY 85 O.S.Supp.1984 § 12 DOES NOT EXTEND TO LIABILITY IMPOSED BY 63 O.S.1981 § 984

■ Under the Workers' Compensation Act,[9] an employer is obligated to

"pay or provide compensation for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment without regard to fault...."[10]

The immunity provided by § 12 covers

"*all other liability* of the employer ... *at common law or otherwise,* for such

injury ... *to the employee,* or the spouse, personal representative, parents, or dependents of the employee, *or any other person.*" [Emphasis added.]

In *Harter Concrete Products, Inc. v. Harris*[11] we held that § 12 immunity extends "to *all* liability either directly or indirectly derived from the employee's injuries," but a third party's right to indemnity "must arise out of an independent legal relationship between employer and indemnitee."[12] What then is the legal origin of Travelers' (or Cimarron's) claim against French? Did it arise from the employee's injuries or from the alleged "six-foot" law violation? Although French's compensation liability, as well as the loss paid by Travelers, arose out of the same facts, *the gravamen of Travelers' claim is enforcement of a statutorily-created duty which is imposed without regard to whether any other kind of obligation may result from the violation,* i.e., responsibility to pay compensation for an employee's on-the-job injury. Section 984 creates a jural relationship of a character that is sufficiently independent to place French's act of violating § 981 *dehors* the protection afforded by § 12.[13] Recovery under § 984 is not limited in amount. In sum, we hold that, upon satisfying its duties under the Workers' Compensation Act, French did not acquire § 12 immunity from any liability imposable

---

ture litigation all issues affecting French's statutory obligation, if any, to Cimarron.

7. See note 1, *supra*.

8. The terms of 12 O.S.1981 § 95 (Second) are: "Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * Second. *Within three (3) years:* An action upon a contract express or implied not in writing; *an action upon a liability created by statute other than a forfeiture or penalty;* and an action on a foreign judgment." [Emphasis added.]

9. 85 O.S.1981 §§ 1 et seq.

10. 85 O.S.Supp.1985 § 11.

11. Okl., 592 P.2d 526 [1979].

12. *Harter Concrete Products, Inc. v. Harris, supra,* note 11 at 528.

13. Cf. *Rucker Co. v. M & P Drilling Co.,* Okl., 653 P.2d 1239, 1242 [1982], where the court held that a clause in a contract between an employer and supplier which freed the latter from all liability connected with the use of rented tools created an independent legal relationship. In a negligence action by compensated employee, the defendant-supplier's third-party claim against the employer hence fell outside the protections afforded by § 12. See generally, 2A Larson, Workmen's Compensation Law § 76.00 et seq. (1988).

by § 984.[14]

## II

## TRAVELERS' ACTION AGAINST FRENCH IS NOT TIME–BARRED

■ Both parties agree that the limitation period applicable to Travelers' claim is three years. The dispute is over when the time began running. French argues that the statutory action is predicated on indemnity *from liability*, rather than *from loss*. An action to enforce indemnity from liability accrues when the event for which indemnity is due occurs, while a cause of action for indemnity from loss does not arise until the loss is paid.[15] Since Travelers filed suit more than three years after the employee was injured, French urges the claim is barred by limitations.

The § 984 liability is divisible into two distinct reparation components: 1) for damage to electrical facilities and 2) for all *liability incurred* from any accidental contact with a high voltage line or conductor. Assuming arguendo that Travelers' claim is *stricto sensu* one for "indemnity" rather than for enforcement of the "six-foot" law as subrogee,[16] we disagree with French's view of § 984 and conclude, as the trial court did, that the legislature must have intended the phrase "liability incurred" to

---

**14.** Federal jurisprudence has construed Oklahoma law consistently with today's pronouncement. See *Travelers Ins. Co. v. Panama–Williams, Inc.,* 597 F.2d 702, 704 [10th Cir.1979] and *Travelers Ins. Co. v. Panama–Williams, Inc.,* 424 F.Supp. 1156, 1160–1161 [N.D.Okla.1976]. The conclusion reached today is in accord with that drawn by the U.S. Supreme Court from the "exclusive-liability" provision of the Federal Employees' Compensation Act, 5 U.S.C. § 8116(c), *infra,* in *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 [1983]. Precluded by law from suing the Government *qua* employer for a work-related injury, the employee proceeded against Lockheed for manufacturing an allegedly defective product. In turn, Lockheed impleaded the United States for indemnity. The issue was whether the Government is immune from liability under 5 U.S.C. § 8116(c); more specifically, whether Congress intended the statutory phrase "any other person otherwise entitled to recover damages" to include third-party indemnitees. The Court held it did not, reasoning that the categories of persons barred from suing the United States include only those who benefit from the " '*quid pro quo* ' compromise" embodied in the act. 460 U.S. at 196, 103 S.Ct. at 1038. The pertinent terms of 5 U.S.C. § 8116(c) provide:

"The liability of the United States ... under [this act] with respect to the injury or death of an employee is *exclusive and instead of all other liability* of the United States ... *to the employee,* his legal representative, spouse, dependents, next of kin, *and any other person otherwise entitled* to recover damages from the United States ... because of the injury or death...." [Emphasis added.]

**15.** See 15 O.S.1981 § 427(1) and (2), *infra; Potter v. Wilson,* Okl., 609 P.2d 1278, 1280 [1980] and *Chicago, Rock Island & Pacific R. Co. v. Davila,* Okl., 489 P.2d 760, 764 [1971]. The common-law distinction between indemnity from liability and indemnity from loss is codified in 15 O.S.1981 § 427(1) and (2). The pertinent terms provide:

"In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears:

1. *Upon an indemnity against liability,* expressly, or in other equivalent terms, *the person indemnified is entitled to recover upon becoming liable.*

2. *Upon an indemnity against claims or demands, or damages or costs,* expressly, or in other equivalent terms, *the person indemnified is not entitled to recover without payment thereof.* * * * " [Emphasis added.]

**16.** "*Indemnity* is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or of some other person." 15 O.S.1981 § 421. *It provides no remedy against a third party. Oppenheim v. National Surety Co.,* 105 Okl. 223, 231 P. 1076, 1077 [1925]. Noncontractual or equitable indemnity is similar to common-law contribution; one who is only constructively or vicariously obligated to pay damages because of another's tortious conduct may recover the sum paid from the tortfeasor. *Braden v. Hendricks,* Okl., 695 P.2d 1343, 1349 [1985] and *Porter v. Norton-Stuart Pontiac–Cadillac of Enid,* Okl., 405 P.2d 109, 113 [1965]; see also, *Burrell v. Rodgers,* 441 F.Supp. 275, 278 [W.D.Okla.1977]. *Subrogation* is an equitable principle which compels the ultimate discharge of an obligation by one who in good conscience ought to pay; it applies to actions based on contractual as well as tort liability. An insurer-subrogee's rights against a third party are derived from and limited to those which the insured had. *Commercial Union Fire Insurance Co. v. Kelly,* Okl., 389 P.2d 641, 642 [1964] (syllabi 1 and 2).

mean "loss." [17]

Section 984 does not speak to "liability" alone, but rather to liability *incurred*. Physical damages to the facilities are thus distinguished from other types of losses that may be suffered. The statute imposes tort liability. An action for its vindication may be premised on intentional as well as negligent conduct.[18] Since Travelers became subrogated to Cimarron's claim, its action against French rests on the same legal footing as though Cimarron itself had brought it. The right to sue for loss from physical damage accrues at the time of its occurrence, while a claim on a *liability incurred* cannot arise and be enforced until it is determined, whether judicially or by agreement, in an amount that is certain and the loss is paid.

In short, the phrase "liability incurred," as used in § 984, is synonymous with "loss." The limitation period applicable to an action for *damage* to electrical facilities is three years from its occurrence. The time to bring suit on a *liability incurred* runs from the time its amount is determined and the loss paid. Because Travelers sued French within three years after it paid the agreed judgment rendered against Cimarron, the action is not time-barred.

### III

### FRENCH'S REMAINING CONTENTIONS

■ French argues that Travelers is estopped by the prior judgment against

Cimarron from asserting any claims stemming from the occurrence that gave rise to the earlier lawsuit. In essence, French invokes the doctrines of issue and claim preclusion.[19] If French's liability under the "six-foot" law had already been fully and fairly litigated, then Travelers, as subrogee of Cimarron's statutory rights, would be foreclosed from asserting its claim against French.

As a third-party defendant in the employee's suit against Cimarron, French approved the judgment's content as well as its form. Cimarron's claim against French was dismissed without prejudice as part of a settlement agreement whose terms were incorporated into the judgment. Although that case ended with an agreed judgment against Cimarron, the issues affecting Cimarron's third-party suit against French were neither judicially determined nor settled by the parties. Nay, the judgment explicitly reserved to Cimarron its right of action. Claim preclusion may not be invoked to block prosecution of a *claim* that was excepted or reserved in a prior judgment.[20] *All issues* to be pressed in Travelers' action were also reserved for future litigation. We hence hold that Travelers is not precluded in this suit from asserting its claim against French.

### IV

### SUMMARY JUDGMENT AGAINST FRENCH CANNOT BE ALLOWED TO STAND

■ Next, because both parties argued below that material issues of fact remained

---

**17.** Once the intent of the legislature clearly appears after considering the total enactment, language may be altered and new words supplied to give it that meaning which is necessary to effectuate legislative intent. *WRG Const. Co. v. Hoebel*, Okl., 600 P.2d 334, 337 [1979], citing *Protest of Chicago, R.I. & P. Ry. Co.*, 137 Okl. 186, 279 P. 319 [1929] (syllabus 5).

**18.** The owners and operators of the electrical equipment stand under a non-delegable duty to exercise a "high degree of care in building, operating, and maintaining" their property. *Kimery v. Public Service Co. of Oklahoma*, Okl., 622 P.2d 1066, 1071 [1981]. The statutory liability for violating the "six-foot" law is not restricted to a *single* tort theory. If negligence were here the plaintiff's basis for recovery, compara-

tive negligence would doubtless avail as a defense. Art. 23, § 6, Okl. Const., *infra*. See also, *East Central Elec. Co-op. v. Robert Gordon Equip.*, 772 F.2d 662, 663–664 [10th Cir.1985].

The terms of Art. 23, § 6, Okl. Const., are:
"The defense of *contributory negligence* or of assumption of risk *shall*, in all cases whatsoever, be a question of fact, and *shall*, at all times, be left to the jury." [Emphasis added.]

**19.** Collateral estoppel is now known as "issue preclusion," and the present-day term for res judicata is "claim preclusion." *Veiser v. Armstrong*, Okl., 688 P.2d 796, 799–800, notes 7 and 8 [1984].

**20.** *Cuneo v. Champlin Refining Co.*, 178 Okl. 198, 62 P.2d 82, 86 [1936].

to be tried, French urges it was denied due process and equal protection when summary judgment was given to Travelers. We disagree. The trial court is required by Rule 13(e), Rules for the District Courts,[21] to render judgment *sua sponte* when it finds an absence of material issues of fact, *and* a party is entitled to be so dealt with as a matter of law. Erroneous as it was to give judgment to Travelers, no *fundamental-law* infirmities are apparent in *this* ruling. Although the trial court correctly denied summary judgment for French and in so doing committed no error, the record impels a comment on the correctness of its decision for Travelers.

■ The trial court expressed no valid basis for giving judgment to Travelers, and we conclude there was none. Counsel for *both* Travelers and French argued orally and in their briefs that material fact issues affecting liability were present. Even the trial judge, at one time, expressly recognized this. Although counsel did not dispute some facts, the substantial fact issues raised by the pleadings and articulated by the parties remained undetermined.[22] The trial court emphasized the lack of "material differences" about the occurrence, while Travelers itself urged that whether French directed its employee to lift the power line was an issue to be tried. The trial court was well aware that the disputed question of French's liability was reserved by the prior judgment for determination in this very case. Summary judgment for Travelers cannot hence be sustained.

The opinion of the Court of Appeals is vacated; summary judgment for Travelers is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

DOOLIN, C.J., and HARGRAVE, V.C.J., and LAVENDER, and KAUGER, JJ., concur.

HODGES and SUMMERS, JJ., concur in Parts II and III and dissent from Parts I and IV.

SIMMS, and ALMA WILSON, JJ., dissent.

ALMA WILSON, Justice, dissenting:

The opinion of the majority presupposes that that portion of 63 O.S. 1981 § 984 which purports to grant a special right of "indemnity" to owners and operators of high voltage lines is constitutional. It is not.

The relevant portion states:

"... *[I]f* such violation [i.e. *coming within six (6) feet* of any high voltage overhead electrical line or conductor] *results in physical* or electrical *contact* with any overhead high voltage line or conductor, the person, firm, corporation, or association violating the provisions of this act, *shall be liable to the owner or operator* of such high voltage line or conductor for all damage to such facilities and *for all liability incurred* by such owner or operator as a result of any such accidental contact." [Emphasis mine.]

The above portion of 63 O.S. 1981 § 984, *on its face*, violates the Constitution of this State at *Okla. Const.*, Art. 23, § 6.

Consequently, it is unnecessary for this Court to decide whether or not the unconstitutional portion of the statute extends to liability imposed under the Workers' Compensation Act; and is likewise unnecessary to decide whether or not the purported indemnity cause of action created by the unconstitutional provision is time barred. This is because any action which is granted

---

**21.** The pertinent terms of Rule 13(e), Rules for the District Courts, 12 O.S.Supp.1984, Ch. 2, App., provide:

"If it appears to the court that there is no substantial controversy as to any material fact *and* that one of the parties is entitled to judgment as a matter of law, the court *shall* render judgment to said party *whether or not he is the moving party.* * * * " [Emphasis added.]

**22.** The presence of some undisputed facts does not *per se* indicate that the case presents no triable issues. When different inferences may be drawn from uncontroverted facts, the dispute must be submitted for a trier's resolution. *Flanders v. Crane Co.*, Okl., 693 P.2d 602, 605 [1985], citing *Northrip v. Montgomery Ward & Co.*, Okl., 529 P.2d 489, 493 [1974], and *Flick v. Crouch*, Okl., 434 P.2d 256, 262 [1967].

through an unconstitutional act of the legislative branch is void and without effect from its inception.

The above portion of 63 O.S. 1981 § 984 purports to prescribe that any person coming within six (6) feet of any electrical line or conductor *assumes the risk as a matter of law* for all liability incurred by an owner or operator as a result of physical contact. This legislative prescription is plainly in derogation of Article 23, Section 6 of the Oklahoma Constitution:

> "The defense of contributory negligence or of *assumption of the risk* shall, in all cases whatsoever, be a *question of fact*, and shall, at all times, *be left to the jury.*"

Thus, such owners and operators as here under consideration, cannot constitutionally be relieved of the legal burden to defensively prove, *as a matter of fact*, whether or not an injured/electrocuted person (or his principle) truly assumed the risk of liability for physical contact with high voltage lines or conductors. Our State Constitution at Article 23, Section 6, *supra*, prohibits the legislative preclusion of assumption of the risk as anything other than a question of fact. It cannot be summarily deemed a matter of law. In this respect, the challenged portion of 63 O.S. 1981, § 984 is patently unconstitutional on its face, for it dictates, *as a matter of law*, that any person coming within six (6) feet of an overhead high voltage line or conductor assumes the risk of liability to the owner or operator (and therefore assumes the risk of physical injury or electrocution) regardless of the particular facts and circumstances or the operator/owner's own negligence.

In the present case, even though it is established that the owner and/or operator of the electrical line did not maintain its line at the legal height at the time of Mr. Woodall's injury, the statute under consideration here would still deem Mr. Woodall and/or his employer *totally liable* to the owner/operator, meaning that Mr. Woodall and/or his employer assumed the risk of total liability for coming within six feet of the line, regardless of the owner/operator's own negligence which may have concurred and contributed to the injury/electrocution. This situation serves to illustrate the wisdom of our constitutional founders in enacting Article 23, Section 6 of our State Constitution, wherein questions concerning contributory negligence and assumption of the risk are *"in all cases whatsoever"* questions of fact to be determined by a jury, and not by legislative dictate. Accordingly, I would hold the heretofore quoted portion of 63 O.S. 1981, § 984 unconstitutional, and therefore without effect.