**HARTER CONCRETE PRODUCTS, INC., David Harter and Harley Bradshaw, Petitioners,**

v.

**The Honorable Carmon C. HARRIS, Judge of the District Court of Oklahoma County, State of Oklahoma, Respondent.**

**No. 52446 (Consolidated with No. 52601).**

Supreme Court of Oklahoma.

March 20, 1979.

---

Paul F. Fernald, Keller & Fernald, Oklahoma City, Donald N. Bykerk, Prague, for petitioners.

Earl D. Mills and David W. Edmonds, Foliart, Mills & Niemeyer, Oklahoma City, for respondent.

DOOLIN, Justice:

James and his wife, Bonnie Williams, filed a personal injury action against Vassar Manufacturing Company (Vassar)[1] alleging causes of action sounding in negligence and manufacturers' products liability. James, an employee of petitioners herein, was injured on the job. He had previously filed a worker's compensation claim against employers and their insurance carrier. Pursuant to this claim, employers had fully satisfied all obligations under the Oklahoma Worker's Compensation Act (the Act).

Following the filing of the personal injury action, defendant Vassar initiated a third party complaint against employers. Vassar sought indemnification or contribution by employers for any judgment which might be rendered against it, claiming plaintiffs' injuries were caused by employers' negligence. Employers filed a special demurrer to the third party action asserting they had satisfied all legal obligations owed by them through the workers' compensation claim and were immune to further suit. Respondent overruled employers' demurrer and they now seek relief by mandamus and prohibition.

It is this third party complaint that is challenged by the present original proceeding. Employers submit respondent exceed-

---

1. This court consolidated special applications in No. 52,446 and No. 52,601. In No. 52,601 an additional defendant in plaintiff's suit, Hazel Wright, d/b/a Crosslands' A & A Rent-All & Sales Company also filed a third party complaint against employers.

ed its authority in overruling their demurrer and refusing to dismiss them from the suit.

■ An action under the Act is the exclusive remedy against an insured employer of an injured employee.[2] 85 O.S.1971 § 12 provides in part:

> "*The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person,* * * *."* (Emphasis supplied).

Vassar argues our recent decision in *Laubach v. Morgan, 588 P.2d 1071, (Okl.1979)* and the recently enacted contribution legislation[3] require that employers be joined as parties in order that it will not be required to pay more than its share of responsibility for plaintiffs' injuries. It further argues the above provision does not bar such action in that under this statute employer is only protected from further claims of liability by the *employee*, not from claims by a third party.

■ These references, although raising many problems neoteric to this jurisdiction, are not pertinent to the singular issue raised herein. The sole issue now before this court is whether an employer who has satisfied his obligations to an employee under the Act, may be joined as a defendant in a third party personal injury action and

thus be required to respond a second time, even though it be indirectly, to injuries the employee has sustained. In view of the above exclusive remedy, absent special circumstances, we hold it may not.

■ Worker's compensation legislation was enacted to provide a substitute remedy to an employee for accidental injuries received during covered employment without the burden of his proving negligence.[4] In exchange for this exposure the employer is protected from any other liability to the employee.[5] To be equitable as well as effective, this protection must extend to *all* liability either directly or indirectly derived from the employee's injuries.

This is the view taken by the tenth circuit in *Peak Drilling Company v. Halliburton Oil Well Cementing Company, 215 F.2d 368 (10th Cir. 1954)*, a case arising under the Act. That court held any right to indemnity by an employer must arise out of an independent legal relationship between employer and indemnitee. This relationship must create liability apart from a duty owed to employee by indemnitee and employer to keep the employee from harm's way. Absent this legal relationship and resulting duty no right to indemnity exists. The Court took the view the third party complaint therein involved was barred by the exclusionary provisions of the Act as it lacked that necessary independent legal relationship.[6]

■ In the case at hand we find no independent relationship between employers

---

2. This preclusive mandate is constitutional when applied to wrongful death actions. Art. 23 § 7 of the Constitution of the State of Oklahoma directs:

> "The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, provided however, that the Legislature may provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive."

3. 12 O.S.1978 Supp. § 832.

4. See *Montgomery v. State Industrial Commission*, 190 Okl. 439, 124 P.2d 726 (1942). *National Bank of Tulsa Building v. Goldsmith*, 204 Okl. 45, 226 P.2d 916 (1951).

5. *Carroll v. District Court of Fifteenth Judicial District Court, Cherokee County*, 579 P.2d 828 (Okl.1978).

6. Cf. *Travelers Insurance Company v. Panama-Williams, Inc.*, 424 F.Supp. 1156 (W.D.Okl. 1976) holding liability imposed by 63 O.S.1971 § 984 created necessary relationship; *Burrell v. Rodgers* 441 F.Supp. 275 (W.D.Okl.1977) distinguishing *Travelers* and dismissing third party complaint; *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corporation*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 727 (1956) allowing a third

and Vassar creating any duty on part of employers to indemnify. This is not to say Vassar may not claim responsibility on the part of the employers as a defense to plaintiffs' suit.

We see no reason to erode the exclusive character of the workers' compensation remedy.

JURISDICTION ASSUMED: WRIT OF MANDAMUS ISSUED DIRECTING RESPONDENT TO SUSTAIN PETITIONERS' DEMURRER AND DISMISS THE THIRD PARTY ACTION AGAINST PETITIONERS.

All the Justices concur.

party complaint based on independent duty to stow cargo properly owed from third party employer to defendant in employee's personal injury suit.