The TRAVELERS INSURANCE COMPANY, Plaintiff-Appellee,

v.

PANAMA–WILLIAMS, INC., Defendant-Appellant.

The TRAVELERS INSURANCE COMPANY, Plaintiff-Appellant,

v.

PANAMA–WILLIAMS, INC., Defendant-Appellee.

Nos. 77–1975, 77–1976.

United States Court of Appeals, Tenth Circuit.

Argued March 15, 1979.

Decided April 30, 1979.

Rehearing Denied June 11, 1979.

---

Thomas R. Brett of Jones, Givens, Brett, Gotcher, Doyle & Bogan, Tulsa, Okl., for The Travelers Insurance Co.

E. W. Keller, with Paul F. Fernald, Oklahoma City, Okl., on briefs, of Keller, Fernald & Bykerk, Oklahoma City, Okl., for Panama-Williams, Inc.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

An employee of Panama-Williams, Inc. (Panama) died from an electric shock in an industrial accident while in the employment of Panama. His widow and children received the maximum allowable workmen's compensation death benefits. The decedent's survivors also commenced an action against Gulf Oil Co. (Gulf), owner of the power lines involved in the accident, for negligence in causing decedent's death. That suit was settled for $65,000, paid by Gulf's insurer, Travelers Insurance Company (Travelers).

Travelers then commenced this action against Panama to recover the $65,000, plus certain claimed costs. Trial was to the court and judgment was entered in favor of Travelers for $65,000. The trial court relied on 63 Okl.Stat.Ann. tit. 63, §§ 981–987 (1973), which regulate activities in and around industrial high voltage equipment. Section 981 requires that no equipment be utilized within six feet of a high voltage line. Use of Panama equipment within six feet of such line led to the employee's death. Section 984 further provides that

> [i]f such violation [of Section 981] results in physical or electrical contact with any overhead high voltage line or conductor, the person, firm, corporation or association violating the provisions of this Act, shall be liable to the owner or operator of such high voltage line or conductor . . . for all liability incurred by such owner or operator as a result of any such accidental contact.

Travelers appealed the denial of its claim for pre-judgment interest and Panama appealed the judgment directing it to indemnify Travelers. Panama relies on 85 Okl. Stat.Ann. tit. 85, § 12 (1970), which provides that the state's workmen's compensation scheme is "exclusive and in place of all other liability of the employer . . . at common law or otherwise."

These two provisions of Oklahoma law are in obvious conflict as applied to the facts of this case. If precedence is given to Section 12, Panama discharged any liability it had growing out of the accident upon its compliance with the workmen's compensation provisions. If, on the other hand, Section 981 is deemed controlling, Panama was responsible to Gulf (and thus to Gulf's insurer, Travelers) for the liability incurred by Gulf as a result of the accident involving its equipment and Gulf's power lines.

While sound arguments can be made that each of these statutes could be considered controlling, we are bound by our perceptions of how the Supreme Court of Oklahoma would decide the question. We are guided by one of that court's recent decisions. In *Harter Concrete Products, Inc. v. Harris,* 592 P.2d 526 (Okl.1979), an employee, who had already recovered from his employer under the workmen's compensation provisions, sought recovery from a manufacturer for its negligence in causing the industrial accident in question. The

manufacturer filed a third-party complaint against the employer. The high court ordered the third party complaint dismissed, relying on Section 12's characterization of the workmen's compensation scheme as exclusive. The court stated:

> Worker's compensation legislation was enacted to provide a substitute remedy to an employee for accidental injuries received during covered employment without the burden of his proving negligence. In exchange for this exposure the employer is protected from any other liability to the employee. To be equitable as well as effective, this protection must extend to *all* liability either directly or indirectly derived from the employee's injuries.

*Id.* at 528 (emphasis in original). This sweeping language readily supports Panama's argument that the workmen's compensation provision should control in this case.

However, the court indicated in succeeding paragraphs of its opinion that it meant something less than this sweeping language might indicate. Citing this Circuit's decision in *Peak Drilling Co. v. Halliburton Oil Well Cementing Co.,* 215 F.2d 368 (10th Cir. 1954), the court stated that where an *independent legal relationship* exists between the employer and the party seeking recovery from the employer, the workmen's compensation exclusivity provision is not a bar to recovery by the third party against the employer. *Harter Concrete Products, Inc. v. Harris,* 592 P.2d at 528.

Would the Oklahoma high court deem the electrical liability provisions of Section 984 to create the requisite independent legal relationship between Panama and Gulf?

We believe it would. In concluding its discussion of *Peak Drilling,* the Oklahoma court noted that the *Peak Drilling* court considered the facts before it as *not* establishing the requisite legal relationship. *Id.* The court, in a footnote and utilizing a "Cf." signal, then cited *Travelers Insurance Company v. Panama-Williams, Inc.,* 424 F.Supp. 1156 (N.D.Okl.1976)—the trial court's opinion in this very case. *Harter Concrete Products, Inc. v. Harris,* 592 P.2d at 528 n. 6. The Oklahoma court in no way criticized the trial court's opinion and blandly explained it as "holding liability imposed by 63 O.S.1971 § 984 created [the] necessary relationship." *Id.* If the state court considered incorrect the district court's opinion that Section 984 created the necessary relationship, it could easily have said so. It did not. We therefore conclude that the liability provision of Section 984 establishes the kind of legal relationship that constitutes an exception to the exclusivity provision of Section 12, and that judgment in Traveler's favor was thus proper.[1]

■■ Two additional factors bolster our conclusion. First, some deference is due a federal district judge's determination of the law of his resident state when the law is unclear. *See Glenn Justice Mortgage Co. v. First National Bank,* 592 F.2d 567 at 571 (10th Cir. 1979). Second, and more significantly, where two statutes unavoidably conflict and cannot be reasonably interpreted to effectuate the provisions of both, as appears to be the case with the statutes before us, the statute most recently enacted controls. Here, that statute is Section 984.[2]

> It is likely that Section 984 was even intended to take precedence over Section 12 whenever the two came into conflict. It would have been clear to the Oklahoma legislature that a significant portion of incidents contemplated in Section 984 would be industrial accidents which otherwise would be subject to Section 12's "exclusive liability" provision.
>
> It is of course true that if Section 984 is in conflict with a provision of the Oklahoma Constitution, the latter controls, regardless of their relative vintages. Article 23, Section 7, of the Oklahoma Constitution provides that if the legislature enacts a workmen's compensation law,

---

1. This hint of the Oklahoma court's view of the precise issue before us is admittedly not much upon which to base a reasoned decision. But in these diversity cases our function is limited to deciding issues of law as we believe the highest court of the appropriate state would. We must take our hints as we find them.

2. Okl.Stat.Ann. tit. 63, § 984, was enacted in 1963. *See* 1963 Okl.Sess.Laws ch. 118, § 4. Okl.Stat.Ann. tit. 85, § 12, the workmen's compensation exclusivity provision, dates to 1915. *See* 1915 Okl.Sess.Laws ch. 246, art. 2, § 2.

The judgment against Panama is affirmed. We decline to disturb the order disallowing pre-judgment interest to Travelers.

---

"for death resulting from injuries suffered in employment covered by such law . . . , the compensation so provided shall be exclusive." The Supreme Court of Oklahoma has approved of what amounts to additional liability based on an "independent legal relationship," which we believe the court considers to include the relationship created by Section 984. *See Harter*

*Concrete Products, Inc. v. Harris,* 592 P.2d at 528. We are bound by that court's view of its state's constitution. Seen from this perspective, the $65,000 Panama must pay Travelers is not compensation "for death resulting from injuries suffered in employment," but rather is damages for violation of Okl.Stat.Ann. tit. 63, § 984.