LAVENDER, Justice:
This is an original action in which Petitioner seeks this Court’s writ of mandamus to compel the Respondent to retain jurisdiction of Petitioner’s motion to change custody of one of his sons from the mother to the Petitioner. The trial court, Respondent herein, declined to exercise the “continuing” jurisdiction provided for by 12 O.S. 1981, § 1277 and instead, following what he perceived to be the intent of the Uniform Child Custody Jurisdiction Act (10 O.S.1981, §§ 1601-1627), deferred to the authority of the courts of New Mexico, the state in which the children and their mother had resided for more than a year.
The parties were married in Oklahoma in 1969 and continued to reside here until 1976 when they separated. In that year, 1976, the mother, who had become a jockey, moved with the children to Colorado and afterwards lived in Colorado six months and in New Mexico six months of each year until April 1980, when she established New Mexico as her permanent place of residence.
In 1976 she commenced an action for divorce in the courts of New Mexico. In that action she also asked for custody of the children, including the child here involved. That action resulted in a final determination [Murphy v. Murphy, 96 N.M. 401, 631 P.2d 307 (1981)] that although the court there did not have jurisdiction to award a divorce, it did have authority to place custody of the children and it affirmed the awarding of custody to the mother. In 1978 a decree of divorce was entered in Oklahoma. In that decree the mother was also awarded the custody of the children with visitation in the father, Petitioner here. Thereafter, the child involved here— Travis — was taken from Colorado to Oklahoma and retained by the Petitioner without the permission of the mother. This occurred in March 1981. The boy was subsequently returned by the Petitioner to the mother. In June 1981, the Petitioner again, without informing the child’s mother or seeking her permission, removed the child from New Mexico to Oklahoma. It was during this last episode and while the child was still with Petitioner in this state that Petitioner filed his motion in the district court of Oklahoma to change the custody of Travis to himself.
At the hearing on the Petitioner/father’s motion, the parties stipulated as to the facts above related. It was further stipulated that the 1978 Oklahoma decree invested the father with two months’ visitation annually during summer and, further, that the New Mexico court in June 1979 stayed all visitation rights of the Petitioner.
At the conclusion of the hearing, the Respondent ruled that the continuing jurisdiction of the Oklahoma court to modify its previous custody order had terminated under the facts of this case holding that the state of New Mexico had become the “home state” of the children and the custodial parent, the mother, as that term is used in section 1605(A)(1) of the Uniform Child Custody Jurisdiction Act (10 O.S.1981, §§ 1601-1627). It should be remembered that according to the stipulation the mother, the custodial parent, had established her permanent residence in New Mexico in April 1980. The motion to modify was filed in the court below late in the summer of 1981 and was heard in September of that year. It was also held that the other provisions of section 1605 were inapplicable in that it was not shown that the child and his parents — or one of them — had greater or *533 more significant connections with Oklahoma than with New Mexico and that there was no evidence concerning the child’s present or future care, protection, training and personal relationships available in Oklahoma that would not also be available in New Mexico. The trial court, Respondent, pointed out that it had been five years since the children and their mother had resided in Oklahoma and that it is not a question of whether Oklahoma had any “connections” with the child at this time, but as between the states of New Mexico and Oklahoma which state had the maximum significant connections with the child. Respondent concluded it was New Mexico. It was also pointed out by the court — and not really disputed here by the Petitioner — that as of the date of the hearing, Petitioner was retaining the custody of Travis in violation of “any existing custody order, either Oklahoma’s or New Mexico’s.”
Petitioner argues that (1) because of 12 O.S.1981, § 1277, the District Court of Tulsa County had continuing jurisdiction to modify its earlier order placing the custody of the child involved, and (2) New Mexico has not adopted the Uniform Child Custody Jurisdiction Act and therefore Respondent Oklahoma judge should not have used the Act as a basis for lack of authority to proceed. Petitioner also argues that in any event he should have been allowed to present evidence which, he says, would have demonstrated that it would be in the child’s best interest for the Oklahoma court to consider changing the child’s custody. In other words, Petitioner asserts, there was here a factual issue as to whether it would be in the best interest of the child to modify the court’s earlier order of custody.
In Holt v. District Court, Okl., 626 P.2d 1336 (1981) we held that the “best interest” test contained in § 1605(D) continues to be the test in Oklahoma when awarding custody of a child. We said, “The question of whether jurisdiction exists and the question of who should have custody are two entirely different matters. Section 1605(D) applies only to the latter question; it does not provide an independent ground for jurisdiction, and we, therefore, will not direct the district court to hear evidence to establish jurisdiction under it.” On the other hand, § 1605(A)(2) does provide that it will be in the child’s best interest for a court in this state to retain jurisdiction where “a. the child and his parents, or the child and at least one contestant, have a significant connection with this state, and b. there is available in this state substantial evidence concerning the child’s present or future care, protection, training and personal relationships.”
Considering the facts here, namely, that the child involved has not lived in Oklahoma for nearly five years and that for more than six months preceding the filing of Petitioner’s motion to modify the custody order of the Oklahoma court the child has lived in the state of New Mexico with his mother who has, according to the stipulated facts, established permanent residence there and considering also that the child was in Oklahoma in violation of the New Mexico custody order, we do not believe the Respondent judge abused his discretion in finding that as between the two states, New Mexico and Oklahoma, the former is the state which has the most significant connections with the child. The trial court did not err in directing the father/petitioner to go to New Mexico to present his evidence that it would be in the child’s best interest to change its custody to him.
Neither do we deem it compelling that New Mexico has not adopted the Uniform Child Custody Jurisdiction Act. There is no provision in our Act which makes its application dependent upon the adoption of the Act in the child’s home state. In short, the Act is not a reciprocal act.
Section 1605(A)(4) provides that Oklahoma will have jurisdiction to award or change custody if “it appears that no other state would have jurisdiction under prerequisites substantially in accordance with *534-542 paragraphs 1, 2 or 3 of this subsection, .... ” Subsection (A)(1) of § 1605 provides for home state jurisdiction; subsection (A)(2) where there exists “significant connections” between the child and this state; and (A)(3) pertains to invocation of emergency jurisdiction here where there is evidence the child is being abused. We do not deem Petitioner’s proffered “evidence” as demonstrating the child has been mistreated or abused so as to call for the Oklahoma court to consider the matter as an emergency. New Mexico does have custody jurisdiction of the child under prerequisites substantially in accordance with our Act and its definition (§ 1604(5)) of “home state.”
Petitioner’s initial contention that because of 12 O.S.1981, § 1277 the Respondent should not have deferred to New Mexico but have exercised his “continuing” jurisdiction to modify his, or court’s, own custody orders is also not well taken. The cited statute was last amended by the Legislature in 1979, whereas the Uniform Child Custody Jurisdiction Act was adopted effective October 1, 1980.
This Court has recognized the principle that the most recent legislative expressions must be given effect over conflicting prior enactments. Brown v. Marker, Okl., 410 P.2d 61 (1965). See also Travelers Ins. Co. v. Panama-Williams, Inc., 597 F.2d 702 (10 Cir.1979). It is also a settled rule of statutory construction that a special statute making a specific requirement controls over a general statute. Beidleman v. Belford, Okl., 525 P.2d 649 (1974). The Uniform Child Custody Jurisdiction Act sets out specific guidelines to determine whether our district courts have jurisdiction or should exercise jurisdiction they have in child custody matters. 10 O.S.1981, § 1605(A)(l-4). The primary problems the Uniform Child Custody Jurisdiction Act attempts to address are child-snatching and multi-state jurisdictional squabbles. Holt v. District Court, supra. On the other hand, 12 O.S.1981, § 1277, in general language, gives Oklahoma trial courts continuing jurisdiction to modify their own child custody and support orders.
This specific-over-general issue was addressed in Smith v. Superior Court, 68 Cal. App.3d 457, 137 Cal.Rptr. 348 (1977). The court there found that the Uniform Child Custody Jurisdiction Act was controlling over conflicting provisions of a previously enacted statute of general application. The general statute, like Oklahoma’s, provided for a continuing subject matter jurisdiction for California courts.
In applying the rules of statutory construction set out above, the more recent, specific Uniform Child Custody Jurisdiction Act controls.
This is not to say, however, that the continuing jurisdiction provided in § 1277 may not still be utilized in custody matters which are not affected by the Uniform Child Custody Jurisdiction Act.
The request of the mother for this Court to allow her an award of an attorney fee for the services of her attorney is denied without prejudice to representment of same to the Respondent trial court. The statutes which are cited by the moving party, namely, §§ 1609(G) and 1610(C) provide the trial court “may,” under certain rather clearly defined circumstances, allow the successful party in a Uniform Child Custody Jurisdiction Act proceeding certain expenses, including a reasonable attorney fee.
ORIGINAL JURISDICTION ASSUMED. WRIT OF MANDAMUS DENIED.
All of the Justices concur.