**Ora Joyce ANGEL, Plaintiff,**

v.

**CORNELL CONSTRUCTION COMPANY, INC., Defendant.**

**and**

**WOODWARD HULL, INC., Appellant,**

v.

**STATE of Oklahoma, ex rel. the OKLAHOMA DEPARTMENT OF TRANSPORTATION, Appellee.**

**No. 76796.**

Court of Appeals of Oklahoma, Division No. 4.

May 26, 1992.

Certiorari Denied Nov. 24, 1992.

J. William Archibald, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellant

Susan B. Loving, Atty. Gen., Robert M. Anthony, Asst. Atty. Gen., Oklahoma City, for appellee.

REIF, Judge.

Defendant-tortfeasor, Woodward Hull, Inc., appeals the dismissal of its third-party action against the State of Oklahoma seeking contribution for the State's alleged part in injuring the plaintiff. The State was not named as a defendant by the plaintiff. Hull and another defendant-tortfeasor settled with the plaintiff. Hull believed the State was a joint tortfeasor and owed contribution for plaintiff's recovery.[1] The trial court held that Hull was not a "claimant" as defined by the Governmental Tort Claims Act and, therefore, could not recover from the State for any liability the State may have had for plaintiff's loss. 51 O.S. 1991 §§ 151 through 172. The crux of Hull's position is that the Tort Claims Act applies *only* to the State's *tort liability* and does not even address, let alone bar, the State's contribution liability under equitable principles or pursuant to 12 O.S.1991 § 832, when the State is a joint or concurrent tortfeasor.

In waiving the State's sovereign immunity for torts in the Tort Claims Act, the legislature did not intend to make the State just another tortfeasor. It fashioned a special, specific rule of liability. Section 153(B) of the Act expressly provides that

---

1. The plaintiff was injured when his vehicle was forced off a state highway by vehicles belonging to the two defendant-tortfeasors. The incident occurred at a site where construction was tak-ing place. Woodward Hull based its theory of contribution from the State on the ground that the State was negligent in its supervision of the construction area.

"[t]he liability of the state ... under this act shall be exclusive and in place of all other liability ... at common law or otherwise." This is akin to the "exclusive liability" of an employer under the Workers' Compensation Act for job-related injuries sustained by an employee. *See* 85 O.S.1991 § 12. An employer's exclusive liability under the Workers' Compensation Act bars further indirect liability for contribution or indemnification where an injured employee elects to sue a third-party tortfeasor. *Harter Concrete Products, Inc. v. Harris,* 592 P.2d 526 (Okla.1979). In the place of contribution, the court recognized that the tortfeasor could claim responsibility on the part of the employer as a defense to the injured worker's suit. *Id.* at 529. This is known as "ghost-tortfeasor" liability. *Paul v. N.L. Industries, Inc.,* 624 P.2d 68 (Okla.1980).

■ The Tort Claims Act prescribes the sole manner in which the party who sustains a loss can recover from the State for the torts of its officers and employees. Like the Workers' Compensation Act, the Tort Claims Act clearly contemplates that the State will be *directly liable* to the party who sustains a loss and who complies with the Act in pursuing a claim. The Act applies with equal force to cases where the State is the lone tortfeasor or is a joint or concurrent tortfeasor. In either situation, *a claimant must pursue recovery* from the State for amount of the loss caused by any fault of the State, and *the State is liable to the claimant* only to the extent of its fault. Where a claimant fails to pursue or establish the State's liability pursuant to the Act, the State has *no liability* for any part of the claimant's loss. In cases where a plaintiff-claimant has not pursued direct liability against the State, other tortfeasors, joint or concurrent, cannot do so indirectly by way of contribution, but are left to reduce their liability by establishing the degree or percentage of the State's "ghost-tortfeasor" liability.

■ We hold that the "exclusive liability" of the State to "claimants" set forth in the Governmental Tort Claims Act bars contribution actions by tortfeasors who

may have acted jointly or concurrently with the State in causing *a claimant's* "loss." Given the fact that Hull was not a "claimant" but an alleged joint tortfeasor seeking contribution, the trial court did not err in dismissing Hull's third-party action against the State.

BACON, C.J., and STUBBLEFIELD, J., concur.