**Edwin C. TIEMANN and Maudie Joyce Tiemann, Plaintiffs–Appellants,**

v.

**TUL–CENTER, INC., Downtown Tulsa Unlimited, James G. Norton, and City of Tulsa, Defendants–Appellees.**

No. 93–5071.

United States Court of Appeals, Tenth Circuit.

March 3, 1994.

Edwin C. Tiemann and Maudie Joyce Tiemann, pro se.

David L. Pauling, City Attorney, Mark D. Swiney, Assistant, Tulsa, Oklahoma, for Defendant–Appellee City of Tulsa.

Richard D. Gibbon, Truman B. Rucker, Cindy P. McVey of Richard D. Gibbon and Associates, Tulsa, Oklahoma, for Defendants–Appellees Tul–Center, Inc., Downtown Tulsa Unlimited, and James G. Norton.

Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

■ Pro se plaintiffs, Edwin C. and Maudie Joyce Tiemann, appeal from an order of the district court granting summary judgment to defendants, City of Tulsa, James Norton, Tul–Center, Inc., and Downtown Tulsa Unlimited.[1] Our review of summary judgment is de novo. *Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141 (10th Cir. 1988). We exercise jurisdiction under 28 U.S.C. § 1291 and reverse and remand for further proceedings.

The City of Tulsa has an ordinance regulating the use of amplified sound on the Central Tulsa Pedestrian Mall. Tulsa, Okla., Ordinance 16966 (July 1, 1990). The ordinance provides that all persons using amplified sound on the mall must have a permit. Permits must be obtained from Tul–Center, the manager and director of the mall under contract with the City of Tulsa. The ordinance requires Tul–Center to write any necessary rules, regulations, standards and criteria for issuing permits, and to submit them to the Tulsa City Council for approval. The director of Tul–Center, James Norton, must use those rules and regulations in deciding whether to issue permits. Persons denied permits have a right to appeal to the Tulsa City Council.

In September 1990, Mr. and Mrs. Tiemann obtained a three-day permit for using ampli-

fied sound from Norton. Norton revoked the permit after the first day, stating that he had received numerous complaints about the Tiemanns' use of amplification during their preaching. The Tiemanns appealed the revocation of the permit and the Tulsa City Council upheld the revocation. The Tiemanns tried to obtain another permit for using amplified sound in August 1991. Norton refused to issue the permit. Norton, and all appellees, claim that the Tiemanns expressed their intention to use the new permit, should one be issued, in the same manner that led to the revocation of the first permit. The Tiemanns alleged that they applied for a third permit which was denied. All defendants dispute that the Tiemanns applied for a third permit.

The Tiemanns sued for damages under 42 U.S.C. § 1983, claiming violations of their rights to free speech and free exercise of religion. They alleged that Norton, Tul–Center, and Downtown Tulsa Unlimited, engaged in content-based discrimination in revoking and refusing to issue permits, resulting in an unreasonable time, place, and manner restriction on the Tiemanns' religious activities. Further, the Tiemanns alleged that defendants' justification for their refusal to allow voice amplification—complaints of disturbance of the peace—is a pretext for defendants' content-based discrimination. Additionally, the Tiemanns challenged the constitutionality of the Tulsa city ordinance, as applied, because it gives Norton broad discretion, and therefore, allows Norton to exercise his power in an arbitrary and selective manner.

Defendant City of Tulsa moved for summary judgment on grounds that (1) it is immune from liability under the Oklahoma Governmental Tort Claims Act, Okla.Stat. tit. 51, §§ 151–171 (1988 & Supp.1994); and (2) no violation of the Tiemanns' First Amendment rights occurred because revocation of the permit was a valid time, place, and man-

---

** Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that

oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

ner restriction and because the Tiemanns could still speak at the mall, just not with sound amplification. City of Tulsa claimed that it is undisputed that the permit was revoked because of complaints of noise and disturbance. In their response to the City's motion for summary judgment, the Tiemanns stated that nothing in the ordinance allowed for revocation of permits, nor does the ordinance contain any objective measures which clearly state "how loud amplified music and voice can be, or cannot be." The Tiemanns reiterated that defendants revoked the permit, and denied future permits, out of a desire to stop the Tiemanns from exercising their freedoms of religion and speech.

The other three defendants jointly moved for summary judgment, claiming that (1) defendants Norton and Tul–Center are entitled to qualified immunity for their acts; and (2) defendant Downtown Tulsa Unlimited performed none of the acts involved in the complaint. To their motion, defendants attached a version of the city ordinance that was adopted in 1979, Tulsa, Okla., Ordinance 14405 (Mar. 30, 1979), as well as rules and regulations which explain that the use of amplified sound will be carefully regulated.[2]

The district court, after a short hearing which was only partially transcribed, found that (1) without interfering with First Amendment rights, the City of Tulsa could regulate the sound amplification on the mall; (2) the City was immune under the Oklahoma Governmental Tort Claims Act from claims arising out of the issuance of permits; and (3) the Tort Claims Act also immunizes the City's delegates (i.e., the other three defendants) from this action.

The Tiemanns challenge the district court's grant of summary judgment to all defendants. They argue on appeal that because the ordinance says nothing about revocation, Norton lacked authority for revoking their

permit. Furthermore, they claim that the rules, regulations, and standards which are supposed to guide Norton's discretion have, in fact, never been submitted to the Tulsa City Council, as required by the ordinance. Finally, the Tiemanns reiterate that the permit revocation was based on the content of their message, not their volume and noise.

■ We hold that the district court erred in concluding that the Oklahoma Governmental Tort Claims Act immunizes defendants from § 1983 liability. " ' "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law." ' " *Howlett ex rel. Howlett v. Rose,* 496 U.S. 356, 376, 110 S.Ct. 2430, 2443, 110 L.Ed.2d 332 (1990) (quoting *Martinez v. California,* 444 U.S. 277, 284 n. 8, 100 S.Ct. 553, 558 n. 8, 62 L.Ed.2d 481 (1980)) (further citation omitted). A § 1983 claim may be available, even though a state remedy is foreclosed by the Oklahoma Governmental Tort Claims Act. *See Willbourn v. City of Tulsa,* 721 P.2d 803, 805 (Okla.1986); *see also, Phillips v. Wiseman,* 857 P.2d 50, 52 (Okla.1993) ("[T]he [Oklahoma] Governmental Tort Claims Act and 42 U.S.C. § 1983 provide a 'double-barreled system,' and ... escaping liability under one does not necessarily mean that a party also escapes liability under the other.").

■ Additionally, the district court's finding that the City of Tulsa can regulate sound amplification without violating the First Amendment provides an insufficient basis for affirmance. Plaintiffs' pleadings, liberally construed, challenge the ordinance's grant of broad discretion to Tul–Center and its director. The Supreme Court has recognized that "even if the government may constitutionally impose content-neutral prohibitions on a particular manner of speech, it may not *condition* that speech on obtaining a license

---

2. The Tiemanns did not file a response to this motion for summary judgment. In their reply brief on appeal, the Tiemanns argue for the first time that they were never served with this motion. The certificate of service attached to defendants' motion shows that the motion was sent to the Tiemanns' attorney who had filed the complaint. Before defendants served their summary judgment motion, however, the Tiemanns had

filed a motion to withdraw their attorney and a motion to proceed pro se. The day defendants filed their summary judgment motion, the district court granted the Tiemanns' motion to withdraw their attorney, "effective upon the entry of appearance of new counsel." Weeks later, the Tiemanns filed a second notice of their intent to proceed pro se.

or permit from a government official in that official's boundless discretion." *City of Lakewood v. Plain Dealer Publishing Co.,* 486 U.S. 750, 764, 108 S.Ct. 2138, 2147, 100 L.Ed.2d 771 (1988).

As the parties dispute whether the Tulsa City Council has approved additional rules, regulations, standards, and criteria governing the issuance of permits, the constitutionality of the statute cannot be resolved on appeal. Neither can we determine, based on the record, whether some of the defendants are qualifiedly immune from this action. We remand this case to the district court for further proceedings. On remand, the Tiemanns should be permitted to file a response to the summary judgment motion filed by Norton, Tul–Center, and Downtown Tulsa Unlimited.

The judgment of the District Court for the Northern District of Oklahoma is REVERSED and REMANDED.