Cary A. DUNCAN, Appellant,

v.

CITY OF NICHOLS HILLS, Appellee.

No. 83314.

Supreme Court of Oklahoma.

Feb. 6, 1996.

David Morse, Pitchlynn, Odom, Morse, Ritter & Morse, Norman, for Appellant.

W.D. Greenwood, Brently C. Olsson, Huckaby, Fleming, Frailey, Chaffin, Cordell, Greenwood & Perryman, Oklahoma City, for Appellee.

LAVENDER, Justice.

We hold that a claimant who brings a discrimination claim pursuant to 25 O.S.1991, § 1901, which grants a private right of action for employment discrimination on grounds of handicap, is not required to comply with notice provisions contained in the Governmental Tort Claims Act, found in 51 O.S. 1991, § 151 *et seq.* The court of appeals erred in concluding that a claim filed pursuant to 25 O.S.1991, § 1101 *et seq.*, is barred if not brought within the limitation periods contained in the Governmental Tort Claims Act, 51 O.S.1991, § 151 *et seq.*

## STANDARD OF REVIEW

■ The trial court's order is governed by the standards applicable to summary judgment motions. We will examine the pleadings and the evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and City is entitled to judgment as a matter of law. *Perry v. Green,* 468 P.2d 483 (Okla. 1970). All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Duncan. *Ross v. City of Shawnee,* 683 P.2d 535 (Okla.1984).

## FACTS AND PROCEDURAL HISTORY

Appellant, Cary A. Duncan (Duncan), was terminated by his employer, appellee, City of Nichols Hills (City), on January 3, 1992. Thereafter, Duncan filed a claim with the Oklahoma Human Rights Commission (OHRC) on January 29, 1992, alleging he was illegally terminated because of a handicap violating 25 O.S.1991, § 1101 *et seq.* The OHRC commenced an investigation of Duncan's complaint and requested the City to produce specific documents and responses to certain Commission inquiries. On January 12, 1994, while the OHRC investigation was still pending, Duncan filed a state law employment discrimination claim against the City in Oklahoma County District Court seeking actual damages and reinstatement.

On January 26, 1994, the City filed a motion to dismiss based on Duncan's alleged failure to comply with notice of claim provisions contained in the Governmental Tort Claims Act, 51 O.S.1991, § 157. The notice of claims provisions provides that a tort claim will be deemed denied by a political subdivision if it fails to respond or approve a claim within ninety (90) days of receiving notice of the claim. The Act further provides that after the initial ninety day period, a plaintiff must sue within one hundred eighty (180) days or the claim will be forever barred. The City argued that Duncan's failure to provide notice of the tort claim within ninety days or to sue within one hundred and eighty days of City's deemed denial barred Duncan from filing suit in district court.

Duncan responded that the City's knowledge of the OHRC investigation constituted sufficient notice to satisfy the notice provisions of the Governmental Tort Claims Act. Thus, Duncan contends that even if the Tort Claims Act is applicable to an employment discrimination claim, he has substantially complied with the notice provisions of the act.

The trial court granted City's motion and dismissed the claim with prejudice. The court found the Governmental Tort Claims Act governs all actions brought against a municipality and that Duncan had failed to file suit in district court within the time limits prescribed. On appeal, Duncan urged that his claim was not a tort claim and that the trial court incorrectly applied the time limits prescribed in the Governmental Tort Claims Act. Duncan argued his claim was a civil rights claim which was properly asserted within the applicable two-year time limit prescribed for employment discrimination claims based on handicap. *See* 25 O.S.1991, § 1901. However, the Court of Appeals disagreed, finding Duncan's claim to be a tort as defined by the Act, and more important, because Duncan's claim was based on a violation of state rather than federal law.

Specifically, the court concluded that despite the fact there is a difference in limitation periods under § 1901 for general claims of handicap employment discrimination and the limitation and notice provisions contained in the Act, the two provisions are not in "irreconcilable conflict." Based on its conclusion that effect should be given to both provisions, the Court of Appeals concluded the trial court did not err in applying the Governmental Tort Claims act to bar Duncan's claim. In response to Duncan's claim that he substantially complied with the notice provisions of the Act, the Court of Appeals held Duncan's claim would still be barred based on his failure to bring suit within one hundred eighty days after the City's deemed denial as required by Section 157. We granted certiorari to determine whether a claimant who files a civil action for employment discrimination by reason of physical handicap, under 25 O.S.1991, § 1901, must comply with the notice of claim provisions

contained in the Governmental Tort Claims Act, 51 O.S.1991, § 157.

## I.

We find that there is an "irreconcilable conflict" between the notice provisions contained in the Governmental Tort Claims Act, 51 O.S.1991, §§ 156, 157, and the limitation period contained in the Oklahoma handicap discrimination statute, 25 O.S.1991, § 1901. The notice provisions contained in the Governmental Tort Claims Act (Act) require a claimant to provide notice to the state or political subdivision of a loss or injury within one year after such loss or injury. 51 O.S. 1991, § 156(B). Failure to provide proper notice results in a plaintiff's claim being forever barred. A claim is deemed denied if the state or political subdivision fails to approve the claim within 90 days or less of receiving notice of the claim. 51 O.S.1991 § 157(A). The Act provides further that "[n]o action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred and eighty (180) days after denial of the claim as set forth in this section." 51 O.S.1991, § 157(B). Thus, the maximum time allowable in which to give notice to the state or a political subdivision and file a claim under the Act is one year and nine months from the date of injury or loss.

Title 25, Section 1101 et seq. of the Oklahoma Statutes comprises Oklahoma's anti-discrimination statutes, which were intended to prohibit discrimination in employment, public accommodation, and housing. 25 O.S. 1991, § 1101(a). In the present case, Duncan filed his claim against the City pursuant to Section 1302 of the anti-discrimination statutes, which proscribes an employer's discriminatory acts toward employees, including discharge because of *handicap*. 25 O.S.1991, § 1302(A)(1) [emphasis added]. Section 1502 provides that a person claiming to have been discriminated against may file a complaint with the Oklahoma Human Rights Commission (OHRC) within one hundred eighty (180) days after the commission of the alleged discriminatory practice. 25 O.S.1991, § 1502(a). Section 1901 of the anti-discrimi-

nation statutes creates a private cause of action for handicap employment discrimination and specifically requires any action brought in district court pursuant to Section 1901(A) be brought within two (2) years of the filing of a charge with the OHRC. Thus, under Oklahoma's anti-discrimination statutes, the maximum time allowable to bring an action for redress of an alleged discriminatory act is two years and three months from the date the alleged discriminatory practice occurs.

A plain reading of the preceding statutory provisions indicates there is in fact a conflict among the limitation periods. The applicable limitation period in which a handicapped employee may bring a discrimination claim in district court will depend upon whether the plaintiff's employer is the state or a political subdivision or a private employer. Nonetheless, the Court of Appeals found no conflict among the two provisions and concluded that nothing in § 1901 prevents a claimant from complying with the notice provisions in the Act while the OHRC is considering the claim and thereafter filing a timely lawsuit. Although the Court of Appeals was correct in its conclusion that the language of § 1901 does not prevent compliance with the notice provisions of the Act, requiring a plaintiff to give notice and sue within the time limits prescribed by the Act renders the two-year limitation period in § 1901 a nullity.

The dissent to the Court of Appeals' opinion urged that neither the majority, nor the City had demonstrated why claims against a municipal defendant should be subject to a shorter limitations period than claims against other employer-defendants. The dissent further noted that if Duncan had asserted a federal civil rights claim, the notice provision of the Act could not be applied to shorten the applicable limitation period for bringing a federal cause of action. *See Felder v. Casey,*

487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). Finally, the dissent concluded that, based on the teachings of *Felder,* a plaintiff in a state discrimination claim should not face a shorter limitations period simply because the asserted violation of civil rights is sought to be redressed in state court. We agree.

The Court of Appeals' opinion implicitly holds that it is the nature of the wrong which determines whether a claim is governed by the Act. After determining the nature of Duncan's claim against the City to be a tort as defined by the Act,[1] the court ended its analysis and found the notice provisions of the Act controlling. In doing so, the court ignored other possible characterizations of Duncan's claim which would prohibit the application of the Act's notice provisions to limit or restrict any available remedies. Although the facts alleged in Duncan's district court petition[2] were sufficient to allege a cause of action in tort, these same facts are also sufficient to state a cause of action for employment discrimination under 42 U.S.C. § 1983, or Title VII, 42 U.S.C. § 2000e *et seq.* And as the dissent correctly points out, had Duncan brought his claim pursuant to § 1983, the notice provisions of the Act would be preempted and inapplicable. *See Felder,* 487 U.S. at 138, 108 S.Ct. at 2306-07 (holding that a state notice of claims statute is preempted when a § 1983 action is brought in state court). Because an "irreconcilable conflict" exists between the two limitation periods in issue, we must examine the legislative intent underlying the two statutory schemes in order to determine which limitation provision is controlling under the facts of the present case.

## II.

■ Under Oklahoma law, the legislative intent of a particular statute must be ascer-

---

1. The Court of Appeals characterized Duncan's claim as a tort under the Act, which defines a tort as:

 a legal wrong, independent of contract, involving violation of a duty imposed by general law or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment.

51 O.S.1991 § 152(11). The court found that Duncan's claim alleged the violation of a duty imposed, not by contract, but from provisions of law, contained in 25 O.S.1991, § 1302 which prohibits the discharge of an employee because of a handicap.

2. In his petition filed in district court, Duncan merely alleged that he was discharged by the City by reason of handicap in violation of 25 O.S.1991, § 1302.

tained from language of the statute. *Tate v. Browning–Ferris, Inc.,* 833 P.2d 1218, 1228 (Okla.1992); *Hess v. Excise Board of McCurtain County,* 698 P.2d 930, 932 (Okla.1985). The plain language of the Governmental Tort Claims Act prescribes and narrowly structures the method for bringing a tort claim against the state or a political subdivision. The Act specifically abrogates all common law governmental immunity, providing that "[t]he liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise." 51 O.S.1991, § 153B. Section 170 further states that the Act supersedes all home rule charter provisions and special laws on the same subjects and repeals all existing laws in conflict with the provisions of the Act. Section 164 provides that the laws and statutes of Oklahoma which are not inconsistent with its provisions shall be applied to govern all actions brought under the Act.

[3, 4] The notice provisions contained in the Act are intended to further protect municipal interests by promoting prompt investigation, providing the opportunity to repair any dangerous condition and for speedy and amicable settlement of meritorious claims, and to prepare to meet possible fiscal liabilities. *See Duesterhaus v. City of Edmond,* 634 P.2d 720, 723 (Okla.1981). Compliance with these notice provisions has been interpreted as a condition precedent to suit against a political subdivision. *See Gurley v. Memorial Hospital of Guymon,* 770 P.2d 573, 576 (Okla.1989); *Ceasar v. City of Tulsa,* 861 P.2d 349, 351 (Okla.App.1993); *Lasiter v. City of Moore,* 802 P.2d 1292, 1293 (Okla. App.1990).

[5] This Court has previously determined that the will of the legislature, as expressed in plain language, indicates the Act provides the exclusive remedy for an injured plaintiff to recover against the state or a political subdivision for its negligence. *See Rout v. Crescent Public Works Authority,* 878 P.2d 1045, 1049 (Okla.1994); *Fuller v. Odom,* 741 P.2d 449, 452–53 (Okla.1987). Thus, a plaintiff alleging a cause of action in *tort* against the state or political subdivision must comply with the notice provisions of the Act.

The Oklahoma anti-discrimination statutes provide a framework for pursuing both administrative and private remedies for discrimination in employment, public accommodation, and housing. The legislative intent underlying these statutes is expressed in Section 1101, which provides in relevant part:

(a) The general purposes of this act are to provide for execution within the state of the policies embodied in the federal Civil Rights Act of 1964, the federal Age Discrimination in Employment Act of 1967, and Section 504 of the federal Rehabilitation Act of 1973 to make uniform the law of those states which enact this act, and to provide rights and remedies substantially equivalent to those granted under the federal Fair Housing Law.

25 O.S.1991, § 1101(a) (citations omitted).

Section 1302 addresses discrimination in employment and prohibits an employer's discharge of an employee because of race, color, religion, sex, national origin, age, or *handicap.* 25 O.S.1991, § 1302(A)(1) [emphasis added]. Section 1502 provides the administrative procedures to be followed by a person claiming to be aggrieved by a discriminatory practice.

The original version of the Oklahoma anti-discrimination statutes did not create a private cause of action. The statutes required the OHRC to investigate all properly filed complaints and authorized the OHRC to issue cease and desist orders where a discriminatory practice was found to exist. *See* 25 O.S.1991, §§ 1505, 1506. On September 1, 1990, the Oklahoma Legislature adopted 25 O.S.1991, § 1901, which specifically created a private cause of action for a person alleging handicap discrimination. *See Katzer v. Baldor Electric Co.,* 969 F.2d 935, 940 (10th Cir.1992). This new section outlines the procedures to be followed and the applicable time limits in which to seek redress of alleged discrimination in district court. Section 1901 provides in relevant part:

A. If a charge of discrimination in employment on the basis of handicap is filed under the provision of Section 1101 through 1801 of Title 25 of the Oklahoma

Statutes and is not resolved to the satisfaction of the charging party within one hundred eighty (180) days from the filing of such charge, the charging party may commence an action for redress against any *person* who is alleged to have discriminated against the charging party and against any *person* named as respondent in the charge, such action to be commenced in the district court of this state for the county in which the unlawful employment practice is alleged to have been committed.

25 O.S.1991, § 1901A (emphasis added). We note further that the term *person*, as used in Section 1901, is defined to include "the state, or any governmental entity or agency." 25 O.S.1991 § 1201(5). Finally, as previously noted, Section 1901E provides a specific two (2) year limitation period in which to bring a private cause of action under this section.

■ We find it apparent from the language of the two acts that the legislature intended the Governmental Tort Claims Act to apply to tort actions brought against the state or a political subdivision, whereas the Oklahoma Anti–Discrimination statutes were intended to provide redress for the types of discrimination embodied in the federal Civil Rights Acts, even where the action is brought against the state or a political subdivision.

[7] In the present case, Duncan asserted a claim against the City for allegedly terminating him because of a handicap, in violation of 25 O.S.1991, § 1302. Duncan urges that this claim is premised on a state civil rights statute designed to implement the policies embodied in the federal Civil Rights Act of 1964. In addition, he argues that the Court of Appeals' decision contravenes federal law by shortening the period for bringing a civil rights claim in state court. *Tate*, 833 P.2d at 1228. The Court of Appeals, however, rejected this argument based on its conclusion that Duncan's claim was a tort. While the court recognized that a state limitation may not restrict the availability of a remedy premised on federal law, it concluded that the notice provisions were applicable in this case because Duncan's claim was premised on state, rather than federal law. We disagree.

In *Tate*, this court contrasted the protection provided by Oklahoma's anti discrimination statutes with federal protection provided under Title VII. Therein, we recognized that

the Nation's highest court describes Title VII as a floor beneath which federally provided protection may not drop rather than a ceiling above which it may not rise. *In short, states' remedies for relief from employment discrimination and for the compensation of its victims may be both different from and broader than those provided by Title VII.*

*Tate*, 833 P.2d at 1222–23 (footnotes omitted) [emphasis in original]. Implicit in our holding in *Tate* is the conclusion that state remedies for employment discrimination will be preempted to the extent that they provide less protection than prescribed by federal law. Thus, in enacting a remedy for employment discrimination, the Oklahoma legislature was bound to provide protection equal to or greater than protection provided by the federal civil rights provisions.

In support of his contention that the notice provisions of the Act cannot be applied to shorten the time for bringing a civil rights claim, Duncan relies on the United States Supreme Court's holding in *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). In *Felder*, the Court ruled that Wisconsin's notice-of-claim statute was preempted pursuant to the Supremacy Clause when a § 1983 action is brought in state court. *Felder*, 487 U.S. at 131, 108 S.Ct. at 2302. The Court concluded that conditioning the right to recover for civil rights violations upon compliance with state rules designed to minimize government liability are inconsistent with the remedial objectives of the federal civil rights law. *Id.* Duncan urges this court to hold that, because 25 O.S.1991, § 1901 was enacted to implement the objectives of the federal civil rights laws in Oklahoma courts, the notice provisions of the Act should also be preempted with respect to a claim brought pursuant to § 1901 in accordance with the principles announced in *Felder*.

In *Tiemann v. Tul-Center, Inc.*, 18 F.3d 851, 853 (10th Cir.1994), the Tenth Circuit Court of Appeals also held that a § 1983 remedy may be available even though a state tort remedy is foreclosed by the Governmental Tort Claims Act. The *Tiemann* court, quoting the United States Supreme Court stated "[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law." *Tiemann*, 18 F.3d at 853 (quoting *Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 376, 110 S.Ct. 2430, 2442-43, 110 L.Ed.2d 332 (1990) (citations omitted)).

In *Childers v. Independent School District No. 1 of Bryan County*, 676 F.2d 1338 (10th Cir.1982), the Tenth Circuit held that a teacher's § 1983 action was not barred by the short statute of limitations found in the Act. In choosing an appropriate limitation period for a § 1983 action, the court held that the limitation period selected must be "sufficiently generous in the time periods to preserve the remedial spirit of the federal civil rights actions." *Childers*, 676 F.2d at 1343 (quoting *Shouse v. Pierce County*, 559 F.2d 1142, 1146 (9th Cir.1977)).

We find the reasoning of the United States Supreme Court in *Felder*, and the Tenth Circuit in *Tiemann* and *Childers* applicable to the present case. The stated purpose of the Oklahoma anti-discrimination statutes is to implement the policies of the federal Civil Rights Laws. In its original version, the Oklahoma anti-discrimination statutes contained only administrative remedies providing procedures for conciliation and private settlement through OHRC intervention. *See*

25 O.S.1991, §§ 1501, 1502. Yet, the Oklahoma Legislature amended the statutes to include a private right of action with a two-year statute of limitations so that persons whose civil rights have been violated may be properly compensated. A goal that is analogous to the goals of the federal statutes.[3] Although *Felder*, *Tiemann* and *Childers* all involved claims brought under § 1983, we see no reason Duncan should be subject to a shorter limitation period because he sought redress for an alleged civil rights violation under a state statute expressly intended to parallel federal remedies.

Duncan's claim he was discharged because he is handicapped may be actionable under § 1983. Nonetheless, he chose to seek relief first from the OHRC. Dissatisfied with the pace of the investigation, Duncan thereafter filed suit in district court within the time limits prescribed by a state statute designed to compensate victims of employment discrimination. Because we find the remedial objectives of § 1901 analogous to the objectives of the federal Civil Rights provisions, we hold that the notice provisions of the Governmental Tort Claims Act are preempted with respect to claims brought under 25 O.S.1991, § 1901.[4]

We also find support for this conclusion from the plain language of the Act and § 1901 and by applying the general rule for resolving conflicts among two competing statutory provisions. As we previously noted, the Act is intended to provide the exclusive remedy for *torts* committed by the state or a political subdivision. Had Duncan as-

---

3. In *Burnett v. Grattan*, 468 U.S. 42, 53, 104 S.Ct. 2924, 2931, 82 L.Ed.2d 36 (1984), the United States Supreme Court contrasted the goals of the federal Civil Rights statutes with those of state anti-discrimination schemes. The Court stated that the goal of the federal statutes was compensation of persons whose civil rights were violated, while the goal of the state schemes with only administrative remedies and no private cause of action was the prompt identification and resolution of employment disputes.

4. In expressing our conclusion that the notice provisions of the Act are preempted with respect to civil rights claims brought pursuant to Section 1901, we also note that the liability limits contained in Section 154 of the Act would similarly be preempted in accordance with *Carey v. Piphus*

*et al.*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). In *Carey*, the Court held that the measure of damages for a violation of civil rights under § 1983 is a question of federal law and should be tailored to the interests protected by the right in question. *Id.* Based on this principle, a federal district court recently held that Alabama's statutory cap on damages for actions brought against a municipality did not apply to an action brought under § 1983. *Patrick v. City of Florala*, 793 F.Supp. 301 (M.D.Ala.1992).

We conclude that the same remedial objectives underlying Oklahoma's anti-discrimination statutes which require preemption of the Act's notice provisions would also require preemption of the limits on damages as provided in 51 O.S.1991, § 154.

serted a cause of action in tort, or a parallel action as in *Tate*, the plain language of the Act requires compliance with the notice provisions of the Act. However, Duncan brought his claim pursuant to a state statute specifically enacted to provide a remedy for persons discriminated against by reason of handicap. This statute allows a claimant to file a claim in district court within two (2) years after filing a complaint with the OHRC. *See* 25 O.S.1991, § 1901E. In addition, Section 1901 authorizes a private cause of action against any *person* who has allegedly discriminated against the charging party. And as we have already indicated, the legislature has included within the definition of person *the state or a governmental entity*. *See* 25 O.S.1991, § 1201(5).

 Under Oklahoma law, where two statutes are in conflict, a specific statute will control and act as an exception to a statute of general applicability. In *Taylor v. Special Indemnity Fund*, we restated the general rule:

> Where there are two provision of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedures from those in the general statute, it will be held that the special statute applies to the subject matter, and the general statute does not apply.

804 P.2d 431, 432 (Okla.1990) (quoting *State ex rel. White v. Beeler*, 327 P.2d 664 (Okla. 1958)). *See also Travelers Ins. Co. v. Panama–Williams, Inc.*, 597 F.2d 702 (10th Cir. 1979) (stating the rule that where two statutes unavoidably conflict, the statute most recently enacted controls).

We are cognizant of Section 170 of the Act, which provides the Act is exclusive and supersedes all special laws on the subject. While we acknowledge the legislature intended the Act to provide the exclusive remedies for tort actions brought against the state or a political subdivision, we conclude that the limitation provision in Section 1901E which was adopted after the Act, is an exception to the exclusive liability provisions of the Act where a civil rights claim brought pursuant to 25 O.S.1991, § 1901.

Pursuant to our holding in *Tate*, federal law mandates that state legislatures provide civil rights protection equal to or greater than protection prescribed by federal law. *See Tate, supra,* 833 P.2d at 1223. In addition, the Tenth Circuit in *Childers, supra,* suggests the remedial objectives of the federal civil rights laws must be considered when choosing an appropriate limitation period for civil rights actions brought in state court. *See Childers, supra,* 676 F.2d at 1343. If we were to give precedence to the notice provisions of the Act, we would be assuming that the legislature intended to provide a remedy for employment discrimination consistent with federal law only in cases brought against nongovernmental employers. We can find no support for such a conclusion. Rather, we conclude that the legislature intended § 1901 to provide a specific remedy for employment discrimination against both governmental and private employers consistent with protection as required by federal law. We therefore hold that the specific two year limitation period contained in 25 O.S. 1991, § 1901 takes precedence over the general notice provisions contained in the Act in all actions brought pursuant to 25 O.S.1991, § 1101 et seq.

### CONCLUSION

Duncan asserted his claim pursuant to 25 O.S.1991, § 1101 *et seq.*, which through Section 1901E specifically provides a two-year limitation period in which to sue in district court thus, he was not required to comply with the notice provisions contained in the Governmental Tort Claims Act, 51 O.S.1991, § 151 et seq. Because he was not required to comply with the notice provisions contained in the Act, we do not address Duncan's contention he substantially complied with the notice provisions by filing his claim with the OHRC. We VACATE the decision of the Court of Appeals. The trial court's decision is REVERSED and the case is REMANDED to the trial court for proceedings consistent with this opinion.

ALMA WILSON, C.J., KAUGER, V.C.J., and HARGRAVE and SUMMERS, JJ., concur.

SIMMS, J., concurs in judgment.

OPALA, J., concurs in part; dissents in part.

HODGES and WATT, JJ., dissent.