Dear Senator Gustafson,
¶ 0 This office has received your letter requesting an official Opinion addressing, in effect, the following question:
What are the standards for a "temporary tent jail" as referredto in 74 O.S. Supp. 1997, § 192(A)(5)?
¶ 1 Counties are permitted to build and utilize tent jails for the temporary housing of minimum security jail inmates. The statute states:
 The temporary tent jails shall not be required to meet the minimum requirements set forth in this section or any other provision of law. The State Board of Health shall promulgate minimum standards for the temporary tent jails which standards shall be designed to specifically address and take into consideration the temporary status of the inmate housing needs of the county[.]
74 O.S. Supp. 1997, § 192[74-192](A)(5).
¶ 2 In 1996, the Oklahoma Department of Health promulgated rules for jail standards in accordance with 74 O.S. Supp. 1997,§ 192[74-192](A)(5). The Oklahoma Department of Health's policy is in the Oklahoma Administrative Code (OAC) at Title 310 and states:
 Temporary tent jails. A county may erect a tent jail which is temporary in nature, to meet the needs of the county for confining minimum security prisoners. A tent jail shall not detain juveniles and shall maintain continuous, physical and architectural separation of male and female prisoners. A tent jail shall not be required to meet minimum requirements for a jail facility but shall provide at least the following:
(1) Accommodations.
(A) Basic daily living needs;
(B) Medical needs;
(C) Shelter from inclement weather;
(D) Freedom from obvious safety hazards;
 (E) Fire extinguishers as recommended by the Oklahoma State Fire Marshal; and
 (F) General comfort consistent with security and control of prisoners.
(2) Security.
 (A) Tents erected inside a fenced area suitable for guarding and controlling prisoners; and
 (B) Permit prisoners to have visitors consistent with security requirements.
OAC 310:670-5-11(c).
¶ 3 Title 74 O.S. 1991, § 324.7[74-324.7](A) grants to the Fire Marshal Commission the authority to issue reasonable rules, regulations, and specifications consistent with nationally recognized codes, standards, or practices for the purposes of safeguarding life and property from the hazards of fire and explosion. Pursuant to this general grant of authority, the Commission has adopted certain portions of the Building Officials and Code Administrators ("BOCA") 1996 National Building Code.
¶ 4 The 1996 BOCA National Building Code addresses structures housing six or more people who are under some restraints or security in Section 308.4 concerning "Use Group I-3." Prisons and jails are specifically included in the Use Group I-3 classification. According to Table 503 of the 1996 BOCA National Building Code, the use of combustible construction is not permitted for Use Group I-3. Therefore, according to the regulations adopted by the Oklahoma State Fire Marshal Commission, inmates cannot be housed in combustible tents.
¶ 5 "Rules and regulations enacted by administrative agencies and boards pursuant to the powers delegated to them have the force and effect of law." Cox v. Dawson, 911 P.2d 272, 280
(Okla. 1996). Thus, the same interpretive rules apply to these rules and regulations as apply in statutory construction. TrustCompany of Oklahoma v. State ex rel. Department of HumanServices, 890 P.2d 1342, 1346 (Okla. 1995). The rules of statutory construction dictate that the more specific statute will control and serve as an exception to the statute of general applicability. Duncan v. City of Nichols Hills, 913 P.2d 1303,1310 (Okla. 1996).
¶ 6 The language of 74 O.S. Supp. 1997, § 192[74-192](A)(5) indicates that the Legislature intended to create an exception for tent facilities from the standards which apply to jails and other facilities. The statute expressly provides that "tent jails shall not be required to meet minimum requirements set forth in this section [for a jail facility] or any other provision of law" (emphasis added). Therefore, the Legislature intended for this statute to supersede any building requirements other than the rules governing standards for tent jails which the Department of Health has promulgated.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 74 O.S. Supp. 1997, § 192(A)(5) permitting the use oftemporary tent jails creates an exception to any buildingrequirements other than OAC 310:670-5-11(c), the rule governingstandards for tent jails which the Department of Health haspromulgated.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
LINDA SOPER ASSISTANT ATTORNEY GENERAL